90 N.J. Super. 325 (1966)
217 A.2d 458
ELEANOR REILLY AND MARTIN REILLY, PLAINTIFFS,
v.
WILLIAM DZIAMBA, DEFENDANT-RESPONDENT,
GEORGE B. WARREN, JR. AND ROWENA A. WARREN, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 16, 1966.
Decided February 24, 1966.
*326 Before Judges GAULKIN, LABRECQUE and BROWN.
Mr. John F. Salmon argued the cause for appellants George B. Warren, Jr., and Rowena A. Warren (Messrs. Mead, Gleeson, Hansen and Pantages, attorneys).
Mr. M. Jordan Price argued the cause for respondent William Dziamba.
PER CURIAM.
Plaintiffs sued for injuries sustained by Eleanor Reilly while riding as a passenger in a vehicle owned by defendant George B. Warren, Jr. and operated by his wife, Rowena, when it was involved in a collision with one owned and operated by defendant William Dziamba. Prior thereto and in a separate action Dziamba had recovered a judgment against the Warrens for damage to his car sustained in the same accident, and a counterclaim against him in that action by Warren for property damage had been dismissed. In the present suit Dziamba filed a cross-claim invoking res adjudicata and collateral estoppel and asserting that, by the prior judgment, the Warrens were barred from denying that their negligence was the sole proximate cause of the damages sustained by the Reillys.
*327 The Reillys recovered judgments totalling $5,000 against all three defendants. Thereafter the trial judge granted Dziamba's motion for judgment of indemnity against the Warrens on the basis of the prior judgment in his favor.
The Reillys were entitled to an adjudication as to the liability of all defendants, based upon the proofs adduced in their action, notwithstanding the outcome of the prior litigation between defendants. Neenan v. Woodside Astoria Transportation Co., 261 N.Y. 159, 184 N.E. 744 (Ct. App. 1933). This is especially so in view of the fact, disclosed at oral argument, that the prior litigation was conducted by the collision carriers for the respective parties. See Reardon v. Allen, 88 N.J. Super. 560, 567 (Law Div. 1965).
Here the issue of negligence depended upon whether one or more of defendants had been guilty of a breach of a duty owing Mrs. Reilly. The Reillys could not invoke the prior judgment to fix liability for their damages upon the Warrens. Neither may Dziamba do so. Rudolph v. Mundy, 226 Ark. 95, 288 S.W.2d 602 (Sup. Ct. 1956); cf. Reardon v. Allen, supra, 88 N.J. Super., at pp. 565 et seq.; Neenan v. Woodside Astoria Transportation Co., supra.; Elder v. New York & Pennsylvania Motor Express, Inc., 284 N.Y. 350, 31 N.E.2d 188, 133 A.L.R. 176 (Ct. App. 1940).
Reversed and remanded.