MARY O. CONWAY, PETITIONER, v. MISTER SOFTEE, INC., A PENNSYLVANIA CORPORATION, RESPONDENT, BY ITS CARRIER, NEW JERSEY MANUFACTURERS CASUALTY INSURANCE COMPANY, v. MISTER SOFTEE, INC., AN ILLINOIS CORPORATION, CO-RESPONDENT.

Camden County Court
Law Division

Decided May 5, 1966.

180

*Mr. George J. Kenny* for petitioner (*Messrs. Pindar, Mc-Elroy, Connell & Foley,* attorneys).

*Mr. Edward Suski, Jr.* for respondent (*Messrs. Cahill, Wilinski & Mohrfeld,* attorneys).

R. COOPER BROWN, J. C. C. This case is an appeal from the Workmen's Compensation Division's dismissal of a motion to reopen the judgment entered in favor of the deceased employee's dependents.

The facts, as far as this appeal is concerned, are that Mary O. Conway, wife of Joseph Conway, brought a claim for dependency benefits against Mister Softee, Inc., a Pennsylvania corporation (hereinafter called Pennsylvania) in the Workmen's Compensation Division. She alleged that her husband was an employee of Pennsylvania and was in the course of his employment at the time of his death.

The Workmen's Compensation Division found that Mr. Conway was in the employment of not only Pennsylvania, but also Mister Softee, Inc., an Illinois corporation (herein-

after called Illinois). However, although the court found joint employment, judgment was entered only against Pennsylvania, as it was the only employer against which the claim was brought.

The judgment was rendered on September 16, 1964. On January 5, 1965, New Jersey Manufacturers Casualty Company, which is the carrier for Pennsylvania (hereinafter called the insurer), filed a petition for reimbursement of compensation against Illinois, seeking a determination by the Workmen's Compensation Division that Illinois was a joint employer. Illinois was then before the court.

On April 13, 1965 the insurer served a notice of motion to reopen the judgment rendered against Pennsylvania so that Pennsylvania might produce additional testimony and proofs against Illinois to the end that Conway's joint employment by Pennsylvania and Illinois previously found by the court may be adjudicated and determined at a time when both joint employers are formally before the court.

At the hearing, the Workmen's Compensation Division denied Pennsylvania's motion and the petition for reimbursement on the ground that the court had no jurisdiction.

The insurer then appealed to this court.

As far as the motion to reopen the judgment is concerned, generally such relief will be granted only when the motion is made within the time allowed for appeal, in the absence of fraud or newly discovered evidence. *Franzoi v. Jacob Rubinoff, Inc.*, 119 *N. J. L.* 184, at *p.* 185 (*Sup. Ct.* 1937).

In the present case the time for appeal was 45 days from September 16, 1964. Therefore, since the insurer's motion was out of time and does not show fraud or newly discovered evidence, the denial of the motion was proper.

However, this does not go to the crux of the case. What the insurer is, in effect, seeking to accomplish is the institution of an independent action in the Workmen's Compensation Division in order to have a determination made as to whether another employer is a joint employer. If the action is permitted and a judgment favorable to the insurer is ren-

dered with Illinois before the court, then the insurer would be able to enforce contribution from Illinois in an action at law. See *New Amsterdam Casualty Co. v. Popovich,* 18 *N. J.* 218 (1955).

The procedure sought is analogous to that which may be followed in an action at law in the case of joint tortfeasors. (See *N. J. S.* 2A:53A–1 and 3). To illustrate, if an injured party brings an action against only one joint tortfeasor and ·gets a judgment, that judgment tortfeasor may bring an action against the other joint tortfeasor for contribution, carrying with him the burden of showing common liability and the *quantum* of damages. *Sattelberger v. Telep,* 14 *N. J.* 353, at *pp.* 366–367 (1954). This procedure is proper notwithstanding the fact that the judgment tortfeasor failed to implead the other tortfeasor in the injured party's action as a third-party defendant. *Sattelberger v. Telep, supra,* at *pp.* 371–372.

In tort contribution, there is the prerequisite of payment of the judgment before contribution can be sought. *N. J. S.* 2A:53A–3. Payment may not have been made here in full, but this is because of the nature of the workmen's compensation judgment.

Assuming, then, that the motion to reopen the judgment was timely, the question is whether the procedure sought to be invoked here is within the jurisdiction of the Workmen's Compensation Division.

Initially, it must be said that the Workmen's Compensation Act was enacted in order to provide a means to aid injured *employees.* (Emphasis added) *Bollinger v. Wagaraw Building Supply Co.,* 18 *N. J. Misc.* 1, 111 A. *2d* 367 (*C. P.* 1939), affirmed 121 *N. J. L.* 606 (*Sup. Ct.* 1939), reversed 122 *N. J. L.* 512 (*E. & A.* 1939). See also *Boyle v. .G. & K. Trucking Co.,* 37 *N. J.* 104, 112 (1962). In addition, the preamble to the statute shows that employees were the object thereof. *L.* 1911, *c.* 95, *sec.* 7, *p.* 136. Nowhere is there an indication that the procedures of the statute were enacted for the benefit of the employer, except where spe-

cifically stated. (See *N. J. S.* 34:15–40(f), which deals with liability of third parties).

Furthermore, it was stated in *P. Bronstein & Co., Inc. v. Hoffman,* 117 *N. J. L.* 500, at *p.* 507 (*E. & A.* 1936) that

"[t]he compensation bureau is a creature of the statute. Its jurisdiction is special and limited; and it is invested only with such authority as is expressly conferred, or such as is by fair implication and intendment incident to and included in the authority expressly granted for the enforcement of the statute. Any reasonable doubt of the existence of a particular power in the bureau is to be resolved against the exercise of such authority."

See also *Nagy v. Ford Motor Co.,* 6 *N. J.* 341, at *p.* 349 (1951).

It is clear that the procedure sought by the insurer here is not expressly conferred; nor does the court feel that the procedure can fairly be read into the statute.

Therefore, it is the opinion of this court that the denial of the motion and dismissal of the petition for reimbursement by the Workmen's Compensation Division was proper on the ground that there is no jurisdiction in that court to permit the action sought.