93 N.J. Super. 286 (1967)
225 A.2d 707
MARY O. CONWAY, PETITIONER,
v.
MISTER SOFTEE, INC., A PENNSYLVANIA CORPORATION, RESPONDENT-APPELLANT,
v.
MISTER SOFTEE, INC., AN ILLINOIS CORPORATION, CO-RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 19, 1966.
Decided January 3, 1967.
*288 Before Judges LEWIS, LABRECQUE and GOLDMANN.
Mr. George J. Kenny argued the cause for appellant (Messrs. Pindar, McElroy, Connell & Foley, attorneys).
Mr. Edward Suski, Jr. argued the cause for respondent (Messrs. Cahill, Wilinski & Mohrfeld, attorneys).
PER CURIAM.
The Workmen's Compensation Division denied the motion of appellant Mister Softee, Inc., a Pennsylvania corporation (hereinafter Pennsylvania), to vacate an earlier judgment and reopen the cause for the introduction of additional proofs to establish decedent's joint employment by Pennsylvania and Mister Softee, Inc., an Illinois corporation (hereinafter Illinois). The Division also dismissed, for lack of jurisdiction, a petition Pennsylvania had brought against Illinois seeking pro rata reimbursement of compensation paid. The County Court affirmed. Conway v. Mister Softee, Inc., 91 N.J. Super. 179 (1966).
Pennsylvania appeals, contending that (1) it is entitled to be reimbursed by Illinois as co-employer of petitioner's decedent for compensation payments it had made in excess of its proportionate share of the award; (2) it has a right of contribution against Illinois, and therefore an enforceable remedy; and (3) its petition for reimbursement by Illinois was timely.
*289 On January 24, 1963 petitioner, widow of the deceased employee, filed a dependency claim petition for compensation with the Division, alleging that her husband's employer at the time of the accident was Pennsylvania. There was no mention of Illinois, either as employer or co-employer. Pennsylvania's answer to the petition was silent as to any possible joint employment of decedent by Illinois.
In his findings the compensation judge stated that the sole issue was "whether decedent was an employee of the respondent corporation [Pennsylvania] at the time of his accident and death." However, in discussing the details of the employment, he found as a fact that decedent had been employed by both Pennsylvania and Illinois. Since Illinois was not a named respondent in the original proceedings and had not been impleaded by Pennsylvania, judgment was entered on September 16, 1964 against Pennsylvania only, directing it to pay the death benefits provided by the Workmen's Compensation Act.
New Jersey Manufacturers Casualty Insurance Company (Manufacturers) was obligated under a workmen's compensation insurance policy to defend and indemnify Pennsylvania, and was making payments to petitioner pursuant to the Division judgment. Claiming a right of subrogation to Pennsylvania under the terms of its policy, Manufacturers filed a petition on January 5, 1965, praying that the Division determine that decedent was jointly employed by Pennsylvania and Illinois, and directing Illinois to pay its proportionate share of the award. Illinois answered, alleging that the compensation judge's finding of a joint employment was not binding on Illinois since it was not a party to the original proceedings; decedent was not its employee; Pennsylvania's petition was not a proper procedure under our Workmen's Compensation Act, and there was no provision in the statute for contribution between joint employers where the compensation proceedings had been brought against only one.
Thereafter Manufacturers, as Pennsylvania's subrogee, moved on April 13, 1965 for an order vacating the September *290 16, 1964 judgment and reopening the Division proceedings to allow for the production of additional proofs, so that "petitioner's joint employment by respondent [Illinois] as previously found by the Court, may be adjudicated and determined at a time when both joint employers are formally before the Court"  this to the end that the adjudication of joint employment be made binding upon each employer. The compensation judge denied the motion to vacate and reopen, and dismissed for lack of jurisdiction the earlier petition seeking reimbursement. On appeal the County Court affirmed, holding that the motion to vacate and reopen was out of time, and that the Division had no jurisdiction to entertain the claim petition. This appeal followed.
Had petitioner brought both Pennsylvania and Illinois before the Division, the compensation judge (the proofs, of course, permitting) could have adjudged both companies jointly liable for compensation benefits. See Del Peso v. H.A. Bar and Restaurant Co., Inc., 75 N.J. Super. 108 (App. Div. 1962), certification denied 38 N.J. 309 (1962); Andersen v. Well-Built Homes of Central Jersey, Inc., 69 N.J. Super. 246 (App. Div. 1961). Were such judgment entered against both employers, petitioner could recover from either or both, and a right of contribution would exist in case one or the other employer refused to pay its pro rata share. Here, however, we do not have such a judgment. See New Amsterdam Casualty Co. v. Popovich, 18 N.J. 218 (1955), for a discussion of the right of contribution between joint employers and of the question of subrogation.
Pennsylvania urges the applicability of that case to its claim that it is entitled to reimbursement for a proportionate share of the award. We find Popovich inapposite. While an insurance carrier may be the subrogee of an employee against a third-party tortfeasor, or of an employer against a co-employer under some circumstances where there is a joint judgment, it does not follow that it has a right of subrogation to an employee's compensation rights against a co-employer who has not been adjudicated as such. It must be remembered that *291 Illinois was not a party to the original dependency claim proceedings, see R.S. 34:15-51 and 52, nor was it impleaded by Pennsylvania. The only issue truly before the Division, as stated by the compensation judge, was whether Pennsylvania was an employer. Illinois never had the opportunity of presenting proofs to sustain a claim that it was not decedent's employer, so that any statement by the compensation judge concerning Illinois was at best dictum.
Apparently in view of doubts concerning a vested right to contribution, Pennsylvania (i.e., Manufacturers) filed a motion to vacate and reopen in order to adjudicate Illinois' liability  this some seven months after entry of the September 16, 1964 judgment. There was no claim of fraud or newly discovered evidence. Pennsylvania contends that although the petition for reimbursement was captioned in the original compensation proceedings, it "could have just as soundly filed its petition in an independent action naming in the caption only the two corporations and serving therewith a copy of the original claim petition. The former method was utilized in order to confine the matter to a clear and easily understood framework." The mechanics utilized, it contends, were not different than those under the Joint Tortfeasors Contribution Act, N.J.S. 2A:53A-1 et seq. We find no support for this view under the Workmen's Compensation Act.
Pennsylvania argues that it has the status of a claimant, and as such may file a petition although not an employee. The right to file a claim petition is given by R.S. 34:15-51, but in order to do so one must be a claimant under Article 2 of the Workmen's Compensation Act (R.S. 34:15-7 to 35, as amended)  e.g., the employee himself, or his dependents, if deceased. Pennsylvania cannot claim such a status.
Although the jurisdictional provisions of the Workmen's Compensation Act must be given a construction that will accord with the policy that prompted its enactment, DeAsio v. City of Bayonne, 62 N.J. Super. 232, 236 (App. Div. 1960), certification denied 33 N.J. 386 (1960), the Division has only such jurisdiction as is given to it by the statute. *292 Ibid; Riccioni v. American Cyanamid Co., 26 N.J. Super. 1, 5 (App. Div. 1953), certification denied 13 N.J. 289 (1953). Even where there is a reasonable doubt of the existence of a particular power in the Division, the power is denied. Nagy v. Ford Motor Co., 6 N.J. 341, 349 (1951).
Pennsylvania urges that if it is denied the remedy it seeks in the Division, it stands without remedy. That may be so, but it does not justify our creating a jurisdiction in that tribunal where none exists.
Admittedly, there was a closely interlocking arrangement between Pennsylvania and Illinois, in which arrangement decedent played an important role: he was sales manager for Pennsylvania and also president of Illinois, and at the time of his death was setting up an office in Chicago to be operated under the name of Mister Softee of Illinois. Quite obviously, the time for Pennsylvania to have raised the issue of joint employment was in the original compensation proceedings and, in any event, before the time for appeal had expired. Now, and purely at the instance of its compensation carrier, it seeks to shift part of the award burden onto Illinois and its carrier. The move comes too late, and in a manner not recognized by the Compensation Act or by our decisions.
The judgment is affirmed.