MARY O. CONWAY, PETITIONER, v. MISTER SOFTEE, INC., A PENNSYLVANIA CORPORATION, RESPONDENT-APPELLANT, v. MISTER SOFTEE, INC., AN ILLINOIS CORPORATION, CO-RESPONDENT-RESPONDENT.

Argued October 24, 1967—Decided March 4, 1968.

*Mr. George J. Kenny* argued the cause for respondent-appellant, Mister Softee, Inc., a Pennsylvania corporation (*Messrs. Pindar, McElroy, Connell & Foley,* attorneys; *Mr. George J. Kenny* on the brief).

*Mr. Edward Suski, Jr.* argued the cause for co-respondent-respondent, Mister Softee, Inc., an Illinois corporation (*Messrs. Cahill and Wilinski,* attorneys; *Mr. Edward Suski, Jr.* on the brief).

The opinion of the court was delivered by

PROCTOR, J. Joseph P. Conway was killed in an automobile collision in the State of Illinois on April 12, 1961. His widow, Mary O. Conway, filed a dependency claim petition in the New Jersey Workmen's Compensation Division against Mister Softee, Inc., a Pennsylvania corporation (Pennsylvania), alleging that Pennsylvania was the decedent's employer at the time of his death. An award was entered in her favor and is not challenged here. Thereafter, Pennsylvania by its compensation carrier, New Jersey Manufacturers Casualty Insurance Company, filed a petition in the Workmen's Compensation Division alleging that Mister Softee of Illinois, Inc., an Illinois corporation (Illinois), was a joint employer of Joseph P. Conway at the time of his death. This petition, captioned in the original cause, sought contribution from Illinois, which was not a party to the original claim proceeding. Later, a motion was filed by Pennsylvania to reopen the compensation proceeding in order that Illinois

might be joined and its liability as a joint employer established.[1] The judge of compensation dismissed the petition for lack of jurisdiction and denied the motion to reopen. On Pennsylvania's appeal to the County Court the judgment of the Division was sustained. 91 *N. J. Super.* 179 (*Camden Co. Ct.* 1966). The Appellate Division affirmed. 93 *N. J. Super.* 286 (*App. Div.* 1967). This Court granted Pennsylvania's petition for certification. 48 *N. J.* 578 (1967).

■ At the original hearing before the Workmen's Compensation Division it appeared that Pennsylvania is a manufacturer and distributor of mobile ice cream selling units with its plant and main offices at Runnemede, New Jersey. The judge of compensation found that in January 1961 the deceased, Joseph P. Conway, was hired to represent Pennsylvania in the Chicago, Ill. area and to take over the operation of Illinois, a previously dormant corporation, as its president. The president of Pennsylvania, William Conway, a brother of the decedent, testified that Illinois was formed to create new Mister Softee franchises in the Chicago area to expand the market for Pennsylvania's products. He stated, "He [Joseph P. Conway] was hired as manager of the Chicago operation and he was proclaimed president of Mr. Softee of Illinois in order to have a proper status, and, also, the name Conway at the time was very synonymous with Mr. Softee, which was a new business venture and it was growing and the mobile business was growing and we figured in order to carry the name of Conway and Mr. Softee in the Midwest, we gave him the title of president in order to give us a better status there." At the time of the fatal accident Joseph P. Conway was a passenger in a motor vehicle owned by Pennsylvania and operated by one of its employees. He was on his way to the closing of a sale of a Pennsylvania mobile ice cream unit. The sole issue before the Compensation Division

---

[1] Although the notice of motion sets forth that Pennsylvania would apply to vacate the judgment awarding compensation benefits to the widow and to reopen the cause, Pennsylvania disavows any intent to disturb the widow's rights.

at the original hearing was whether decedent was an employee of Pennsylvania at the time of his death. The judge found that the decedent was an employee of Pennsylvania but expressed the opinion that he was employed ·by both Pennsylvania and Illinois. This finding, of course, is not binding upon Illinois which was not a party to the proceeding.

The preliminary inquiry is whether the Workmen's Compensation Division and the courts below were correct in their conclusion that the Division was without jurisdiction to entertain the petition filed by Pennyslvania against Illinois. Insofar as the petition represents an *attempt to* exercise a right to institute an original proceeding in the Division by one employer against another employer, we agree that the Division was without jurisdiction. The Workmen's Compensation Division has only such jurisdiction as is conferred expressly by statute or such as is by fair implication incident to the authority expressly granted. *P. Bronstein & Co., Inc. v. Hoffman,* 117 *N. J. L.* 500, 507 *(E. & A.* 1937). Any reasonable doubt of the existence of a particular power in the Division is to be resolved against such power. *Ibid.; Nagy v. Ford Motor Co.,* 6 *N. J.* 341, 349 (1951). We find nothing in the express language of the Workmen's Compensation Act which might confer jurisdiction over Pennsylvania's petition. Under the Act only a "claimant for compensation under article 2 of this chapter (§ 34: 15–7 *et seq.)"* may file a petition. *N. J. S. A.* 34: 15–51. Pennsylvania's claim here is not for "compensation," nor is Pennsylvania a "claimant under article 2" which article provides solely for benefits to an employee or his dependents. Nor do we find any provision of the Act which impliedly gives the Division the authority to entertain an independent action between employers. The exercise by the Division of jurisdiction over litigation *solely* between two employers in no way would advance the purposes of the Compensation Act and cannot be considered an incident to the powers expressly granted by the Act. See *Rosecrans v. Robert Reiner, Inc.,* 4 *N. J. Misc.*

769 (*N. J. Dept. Labor* 1926); 2 *Larson, Workmen's Compensation Law*, § 92.40, p. 449 (1961). *Cf. Dias v. N. J. Manuf. Casualty Ins. Co.*, 4 *N. J. Misc.* 102 (*Sup. Ct.* 1926); *Moore v. Derees*, 97 *N. J. L.* 378 (*Sup. Ct.* 1922).

■ Of course, when two or more alleged employers are brought before the Workmen's Compensation Division at the hearing on the employee's claim petition, the Division must determine whether one or more of the respondents should be liable for compensation. *Del Peso v. H. A. Bar and Restaurant Co., Inc.*, 75 *N. J. Super.* 108 (*App. Div.*), certification denied, 38 *N. J.* 309 (1962). Further, if a finding of joint employment is made, one joint employer may sue a co-employer for contribution in the event it refused to pay its pro rata share. *New Amsterdam Casualty Co. v. Popovich*, 18 *N. J.* 218 (1955). Although the Division does not have jurisdiction over a separate petition between employers, the Division has sole jurisdiction over workmen's compensation claims and as an incident thereto it has jurisdiction over claims between or among several alleged employers. The Division's adjudication of joint employment, however, must be made in the proceeding instituted by the employee. *Cf. Stafford v. Pabco Products, Inc.*, 53 *N. J. Super.* 300, 305 (*App. Div.* 1958).

Pennsylvania argues that under this view it would be without a remedy since the employee's widow did not join Illinois in the original proceeding. We agree that Pennsylvania could not establish its claim of joint employment against Illinois in any forum other than the Workmen's Compensation Division. However, Pennsylvania could have impleaded Illinois as a co-respondent in the compensation action. See *Williams v. Bituminous Casualty Corporation*, 51 *N. J.* 146 (1968). Permitting such an impleader is certainly "by fair implication and intendment incident to" (*P. Bronstein & Co., Inc. v. Hoffman, supra*, at p. 507) the Division's duty to make a proper finding of employment before entering an award. Indeed, in the present case the judge of compensation said that whenever it appeared to him that there was a

possibility of joint employment, he would require the petitioner to bring the alleged joint employer into the action. If, as Pennsylvania contends, this procedure adopted by the judge of compensation is too informal, the Director of the Division of Workmen's Compensation should exercise his powers under *N. J. S. A.* 34 : 15–64 to establish a formal procedure for impleading.

 Having failed to implead Illinois originally, Pennsylvania now seeks to reopen the case so that it may be permitted to implead that corporation at this time. Of course, the Workmen's Compensation Division could reopen the proceedings on Pennsylvania's application for leave to implead Illinois and to present its claim (so long as the widow is not deprived of her judgment against Pennsylvania). But the reopening must be based on equitable grounds. See *Estelle v. Board of Education of Red Bank,* 14 *N. J.* 256 (1954) ; *Katz v. Zepela,* 10 *N. J. Misc.* 258 (*Sup. Ct.* 1932), *affirmed,* 110 *N. J. L.* 14 (*E. & A.* 1933) ; *V. v. Long Branch Sewerage Auth.,* 86 *N. J. Super.* 56 (*App. Div.* 1964) ; *Stone v. Dugan Brothers of N. J.,* 1 *N. J. Super.* 13 (*App. Div.* 1948) ; *Rose v. Wagner Construction Co.,* 2 *N. J. Misc.* 118 (*Sup. Ct.* 1924). However, as noted earlier in this opinion the judge of compensation refused to exercise this power and we conclude that the record discloses no equitable grounds for reopening the judgment.

 It is undisputed that at the time the widow's claim petition was filed, Pennsylvania was aware of the decedent's possible employment by Illinois. Nevertheless, in its answer to the claim petition Pennsylvania did not assert the existence of a joint employment. The answer contained only a general denial putting the petitioner to her proof and a conclusory contention that the Division was without jurisdiction. Such an answer does not comply with the Workmen's Compensation Act which requires that the respondent "admit or deny the substantial averments of the petition, and shall state the contention of the defendant with reference to the matters in dispute as disclosed by the petition." *N. J. S. A.*

34:15–52. This section also requires that the answer "shall be verified by the oath or affirmation of the respondent." The clear intendment of this provision is that in proceedings brought before the Division the issues be narrowed by specific averments supported by factual contentions. We take this occasion to inform respondents that their answers to claim petitions must contain information which will crystallize those issues in dispute and must admit those allegations which are not contested. The only method by which a defense may be brought before the Division is by proper pleading in the answer. See *Osborne v. Consolidated Stone & Sand Co.,* 109 *N. J. L.* 590, 593 (1932). A general denial is not adequate for this purpose.

Throughout the proceedings on the Conway claim petition, Pennsylvania failed to raise the question of joint employment. Its sole defense was that at the time he met his death the decedent was an employee not of Pennsylvania but of Illinois. Despite this claim, however, Pennsylvania made no effort to join Illinois in the proceedings. As the Appellate Division noted in *V. v. Long Branch Sewerage Auth., supra,* at *p.* 60, "Of course, exercise of this power [to reopen] would be subject to considerations of lack of diligence, laches, delay, estoppel, and the like."

But more significantly, Pennsylvania has not supported its motion to reopen with any showing that it has a meritorious claim to assert against Illinois. On the record before us — and on its motion to reopen Pennsylvania has added nothing of consequence to the record made in the proceedings on the original Conway petition — we conclude that no equitable grounds have been presented entitling Pennsylvania to contribution from Illinois. At the time of Joseph P. Conway's death Illinois was a mere appendage of Pennsylvania. While on the surface it might appear that Illinois was an independent co-employer of the decedent, the uncontroverted evidence amply demonstrates that Illinois was nothing more than a mere contrivance controlled by and inseparable from Pennsylvania. The Illinois bank account was started by

Pennsylvania shortly before decedent's accident with a deposit of $10,000. This account was controlled from the Pennsylvania home offices in Runnemede, New Jersey, by William Conway, the president of Pennsylvania, who was the only person authorized to draw checks on the Illinois account. There were but three persons engaged in the Illinois operation and all of them, including the decedent, were hired by Pennsylvania at its offices in Runnemede and were considered to be employees of Pennsylvania. William Conway testified that Illinois itself had no employees and carried no compensation insurance. The decedent, as president of Illinois, was under the direct control and supervision of Pennsylvania and reported to it by telephone at least five times a week. The sales made in the State of Illinois were all subject to approval by Pennsylvania and title to the ice cream units passed directly to the purchaser from Pennsylvania. Any financing necessary was done by Pennsylvania. All advertising for Mister Softee products was conducted from the New Jersey office. Clearly, Illinois was but a puppet whose actions were directed by the hand of Pennsylvania. As Pennsylvania's president testified, "they were all one operation." Because of Illinois' substantial subservience to Pennsylvania, it is apparent that they constituted but one employing unit; reopening the judgment to permit Pennsylvania to assert a claim of contribution against its alter ego would be an empty gesture.

The judgment of the Superior Court, Appellate Division, is affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, SCHETTINO and HANEMAN—6.

*For reversal* — None.