106 N.J. Super. 266 (1969)
255 A.2d 762
GINO MIRAGLIA AND FAUSTO MIRAGLIA, BY THEIR GUARDIAN AD LITEM, ALBERT MIRAGLIA, AND ALBERT MIRAGLIA, INDIVIDUALLY, PLAINTIFFS,
v.
FRANK MIRAGLIA, DEFENDANT-RESPONDENT, AND ERNA J. GROTZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 28, 1969.
Decided June 23, 1969.
*267 Before Judges GOLDMANN, KOLOVSKY and CARTON.
*268 Mr. Franklin M. Sachs argued the cause for appellant (Messrs. McCarter & English, attorneys; Mr. Eugene M. Haring, of counsel).
Mr. Robert J. Alberque argued the cause for respondent (Messrs. Alberque and McGovern, attorneys).
The opinion of the court was delivered by CARTON, J.A.D.
This case involves the interplay of the collateral estoppel doctrine and the rules governing contribution between joint tortfeasors.
Two automobiles, operated respectively by Erna Grotz and Frank Miraglia, and travelling in opposite directions on Route 17, collided when the Grotz car was about to make a left turn across that road into a restaurant parking lot. Mrs. Grotz was alone. Gino and Fausto Miraglia were passengers in the Miraglia car.
Mrs. Grotz and Frank Miraglia filed personal injury actions against each other, each charging the other with negligence while denying any contributory negligence on their respective parts. The cases were consolidated for trial and the jury returned a verdict of no cause for action in both suits.
Gino and Fausto Miraglia, by their guardian ad litem, then brought a personal injury action against both drivers. Both drivers denied negligence and filed cross-claims against each other for contribution under the Joint Tortfeasors Contribution Act (N.J.S. 2A:53A-1 et seq.). Mrs. Grotz moved for summary judgment on her cross-claim for contribution, seeking a ruling that the judgment in the prior actions between Mrs. Grotz and Frank Miraglia established that each was negligent, thereby rendering Frank liable for one-half of any amount which might be recovered by Frank's brothers against Mrs. Grotz. The motion was denied as premature.
The jury returned a verdict in favor of the passengers against Mrs. Grotz and a verdict of no cause for action *269 against Frank. In answer to special interrogatories, the jury found that Mrs. Grotz was negligent while Frank Miraglia was not.
Judgment was then entered accordingly, including a judgment in Frank's favor and against Mrs. Grotz on her cross-claim. During the course of the trial, the judge had denied a renewal of Mrs. Grotz' motion that she was entitled to contribution as a matter of law.
She appeals from the judgment denying her cross-claim for contribution. She does not challenge the judgment in favor of the plaintiff-passengers which she has satisfied.
The gist of appellant's contention  advanced under the doctrines of res judicata and collateral estoppel  is that the jury verdicts in the drivers' reciprocal actions necessarily included a finding that Frank Miraglia's negligence was a cause of the accident, thereby precluding either from litigating the question of negligence anew. Specifically, that finding of Frank's negligence, she asserts, established Frank to be a joint tortfeasor and removed that issue from consideration in the passengers' later action. This must be so, she maintains, irrespective of the jury's determination as to the passengers' claim against the drivers.
Resolution of the question posed requires that we consider first the nature of the right of contribution. Since that right is of statutory origin, the contribution claimant must, of course, show compliance with the statutory requirements of the Joint Tortfeasors Act, N.J.S. 2A:53A-1 et seq.
Section 3 provides, in pertinent part, as follows:
"Where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damage against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or join tortfeasors for the excess so paid over his pro rata share * * *."
*270 Prerequisite to relief under the act is a demonstration that the person seeking to enforce the right of contribution, as well as the one from whom contribution is sought, are joint tortfeasors. Section 1 of the act defines "joint tortfeasors" as "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." The right of contribution accrues under the statute when the injured third person has brought action and recovers judgment against one or more of the joint tortfeasors and the latter has paid the judgment in whole or in part.
The Supreme Court in Sattelberger v. Telep, 14 N.J. 353 (1954), described the contribution claimant's right and the burden of proof cast upon him:
"Under the statute, contribution is enforceable only against a joint tortfeasor as therein defined; and so, by the very nature of the right and the correlative obligation, it is incumbent on the contribution claimant in a case such as this to establish a common liability for the wrongful act, neglect or default made the basis of the judgment and the quantum of the damages ensuing from the joint offense. The plaintiff must prove that he and the defendant in contribution are in aequali jure; he cannot prevail unless the injured person also had a cause of action for the tortious injury against the defendant called on for contribution. * * * The onus of proof of the common burden is on the plaintiff demanding the sharing of the burden." (at p. 367).
See also Tino v. Stout, 49 N.J. 289, 294 (1967); Tomkovich v. Public Serv. Coordinated Transp., 61 N.J. Super. 270 (App. Div. 1969).
But it does not follow that because the right of contribution accrues only after the injured third person has obtained a judgment against the alleged joint tortfeasors, resolution of the issues giving rise to that right may not occur prior to the injured party's action. General principles of law applicable to other legal proceedings, including the doctrines of res judicata and collateral estoppel, are equally applicable in actions involving contribution. Yellow Cab Co. of D.C. *271 v. Janson, 86 U.S. App. D.C. 38, 179 F.2d 54, 19 A.L.R.2d 1001 (1949).
The doctrine of collateral estoppel and the distinction between it and the related doctrine of res judicata find expression in the following quotation from Public Service Elec. and Gas Co. v. Waldroup, 38 N.J. Super. 419 (App. Div. 1955):
"* * * It is a fundamental rule that facts and questions in issue in an action and there admitted or judicially determined are conclusively settled by a judgment entered therein, and such facts or questions become res judicata in all subsequent litigation between the same parties and their privies. Hancock v. Singer Mfg. Co., 62 N.J.L. 289 (E. & A. 1898); Middlesex Concrete, etc., Corp. v. Borough of Carteret, 35 N.J. Super. 226 (App. Div. 1955)  as to a related aspect of the same case, see 36 N.J. Super. 400 (App. Div. 1955), certification denied 19 N.J. 383 (1955), and 19 N.J. 384 (1955); 30 Am. Jur., Judgments, sec. 178; 50 C.J.S., Judgments, § 686. This is known as the doctrine of collateral estoppel or estoppel by judgment and is to be distinguished from the doctrine of res judicata, which is that in any action on a cause previously litigated by the same parties or their privies, a general judgment in the prior action is considered a finding against the party affected on all grounds that were or could have been raised therein. Kelley v. Curtiss, 16 N.J. 265 (1954); Middlesex Concrete, etc, Corp. v. Borough of Carteret, supra; 30 Am. Jur., Judgments, secs. 161-177, and cases cited therein." (at pp. 425-426).
The passengers were not parties to the drivers' actions against each other and they, of course, cannot be bound by any findings which were made in those actions. But each driver was a defendant to the other's action (as well as a plaintiff in his own). Both were also adversaries on the cross-claims for contribution in the passengers' suit. There was thus an identity of parties in these proceedings.
Was there a similar identity of issues in the two proceedings as between the drivers so as to preclude either from litigating that issue again? A brief analysis of the nature of the actions compels the conclusion that the issues were essentially the same.
Two automobiles proceeding in opposite directions on the same highway collided head-on. In separate actions, *272 which were consolidated for trial, each driver charged that the other was negligent in causing the accident, denied negligence on his own part, and asserted contributory negligence as an affirmative defense to the other action. The jury verdict denying recovery to both can rationally be explained only by the conclusion that both were found to be at fault. We must reject, as running counter to common sense, the suggestion that there existed the alternative possibility that the jury might have determined that the collision occurred without fault on the part of either.
The passengers' action against the drivers involved the same accident and was grounded on the same charge of negligence. Frank Miraglia's cross-claim, after denying his own negligence, prayed that in the event he was adjudicated guilty of negligence and the proximate cause of plaintiffs' injuries, that defendant Grotz be held "solely [sic] responsible" and that she contribute under the Joint Tortfeasors Act. Grotz' answer also sought contribution.
The common liability from which the asserted right of contribution sprang depended on the same proof of negligence. It is immaterial that the term "contribution" appears only in the second action. The fundamental question is whether the same determinative issue was litigated and decided in the prior proceeding. We are satisfied that there existed such an identity in this case. Compare Ettin v. Ava Truck Leasing, Inc., 53 N.J. 463 (1969), where the court concluded, after an examination of the prior proceeding, that it was impossible to tell the basis upon which the judgment was predicated.
When the injured passengers furnished proof that their injuries proximately resulted from the other driver's negligence  a further issue upon which the right to contribution also depended and which was resolved when the jury made awards to them  the essential elements of the right of contribution were demonstrated. National Farmers Union Property & Cas. Co. v. Fisher, 284 F.2d 421 (8 Cir. 1960); *273 Yellow Cab Co. of D.C. v. Janson, supra; Sisk v. Perkins, 264 N.C. 43, 140 S.E.2d 753 (Sup. Ct. 1965).
Nor do we deem it significant that such a result may seem to permit an inconsistent verdict in a later action. Since the drivers had already fully litigated the issue of negligence, the policy of finality embodied in the doctrine of collateral estoppel dictates that this principle should apply as between themselves, whether or not there exist valid resaons for not applying them against third parties.
Inasmuch as the passengers did not also invoke the doctrine of collateral estoppel in the later action, we express no opinion on the interesting question whether the apparently inconsistent verdicts obtained by the passengers might have been avoided had they done so and moved for summary judgment on the question of liability. See B.R. DeWitt, Inc. v. Hall, 19 N.Y.2d 141, 225 N.E.2d 195, 278 N.Y.S.2d 596 (Ct. App. 1967).
The leading opinion cited in support of such affirmative use of collateral estoppel is that of Justice Traynor in Bernhard v. Bank of American Nat'l Sav. & Trust Ass'n, 19 Cal.2d 807, 122 P.2d 892 (Sup. Ct. 1942), where he criticized the rule of mutuality as a reason for not doing so:
"The criteria for determining who may assert a plea of res judicata differ fundamentally from the criteria for determining against whom a plea of res judicata may be asserted. The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided * * * He is bound by that litigation only if he has been a party thereto or in privity with a party thereto. * * * There is no compelling reason, however, for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation.
No satisfactory rationalization has been advanced for the requirement of mutuality. Just why a party who was not bound by a previous action should be precluded from asserting it as res judicata against a party who was bound by it is difficult to comprehend. * * *" (19 Cal.2d, at pp. 811-813, 122 P. 2d., at pp. 894-895; citations omitted)
*274 For a recent treatment of this problem, see Semmel, "Collateral Estoppel, Mutuality and Joinder of Parties," 68 Colum. L. Rev. 1457, 1469 (1968); cf. Desmond v. Kramer, 96 N.J. Super. 96 (Law Div. 1967), where the court applies collateral estoppel to preclude a common carrier from relitigating the issue of negligence in a passenger's action for personal injuries where it has already been adjudicated liable to 14 other passengers in prior actions.
Where the first action is brought by the passenger and he joins the alleged tortfeasors as parties and they cross-claim against each other, the perplexing problem of inconsistent verdicts largely disappears. If the passenger effects recovery against only one of the alleged tortfeasors and the other is relieved of liability, no problem of contribution arises. The reason is that proof of common liability of alleged joint tortfeasors  a necessary ingredient for a claim of contribution  has not been shown.
On the other hand, where the injured person recovers against both alleged tortfeasors and in the same action it is decided that neither tortfeasor is entitled to prevail as against the other, there is no necessary inconsistency.[1] In such case, it has been held that the doctrine of res judicata applies and that one joint tortfeasor is entitled to a summary judgment for contribution against the other. McIntosh v. Chicago Express, 154 F. Supp. 385 (D.N.J. 1957). Compare Conway v. Mister Softee (Pa.) v. Mister Softee (Ill.), 91 N.J. Super. 179 (Law Div. 1966), affirmed 93 N.J. Super. 286 (App. Div. 1967), affirmed 51 N.J. 254 (1968), where the court commented upon the right of a tortfeasor against whom the injured party has obtained a judgment to bring a separate action against his alleged joint tortfeasor even *275 though he failed to implead the other tortfeasor in the injured party's action as a third-party defendant. See also, generally, Annotation, 24 A.L.R.3d 318 (1969).
The right to invoke the application of the doctrine of collateral estoppel presupposes that certain prerequisites have been fulfilled. Among these is the necessity of a showing, from an examination of the record in the prior proceeding, that the issue involved has been fully litigated. On this basis courts have refused to apply the doctrine in cases where minor property damage claims are involved, where the parties are represented by their respective subrogation carriers and where the forum is one of limited jurisdiction. See Reardon v. Allen, 88 N.J. Super. 560, 572 (Law Div. 1965). The underlying policy here seems to be that it might be unfair to allow a judgment obtained under such circumstances to control the outcome of a subsequent, more serious, personal injury action. The per curiam decision in Reilly v. Dziamba, 90 N.J. Super. 325 (App. Div. 1966), is also distinguishable on this basis. An inspection of the record in that case discloses that the first suit was a county district court proceeding involving subrogation property damage claims to the vehicles of the two drivers. These cases illustrate the principle that the doctrine of collateral estoppel is not of automatic application, but must depend upon certain circumstances.
The judgment in favor of defendant Frank Miraglia and against defendant Erna J. Grotz on her counterclaim for contribution is reversed. The matter is remanded with direction that judgment be entered in her favor against defendant Frank Miraglia for one-half the amount of the judgments entered in favor of the plaintiffs upon her establishing that she has paid such judgments.
KOLOVSKY, J.A.D. (dissenting).
The Joint Tortfeasors Contribution Law (N.J.S. 2A:53A-1 et seq.), from which Grotz' claimed right to contribution stems, provides in pertinent part as follows:
*276 "For the purpose of this act the term `joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." (N.J.S. 2A:53A-1).
"The right of contribution exists among joint tortfeasors." (N.J.S. 2A:53A-2).
"Where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damage against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share; * * *" (N.J.S. 2A:53A-3).
For appellant Grotz to establish her claimed right to contribution, it was necessary for her to show that the injuries suffered by the passengers in Frank Miraglia's (Frank) auto resulted from Frank's negligence, as well as her own. The only action in which that ultimate issue was posed and tried was that instituted by the passengers against Grotz and Frank. The jury there resolved that issue adversely to Grotz.
Grotz argues, however, and the majority agrees, that the trial court should have directed a verdict in her favor on her claim for contribution because at the consolidated trial of prior actions instituted by Frank and Grotz respectively against each other to recover for personal injuries and property damage, the jury returned verdicts of "no cause for action" as to each claim.
Concededly, the claim for contribution could not have been asserted in the actions brought by Grotz and Frank against each other; the right to contribution had not yet matured. N.J.S. 2A:53A-3; see also Sattelberger v. Telep, 14 N.J. 353 (1954). The principle of res judicata is therefore not applicable. Mazzilli v. Accident, etc., Casualty Ins. Co., etc., 26 N.J. 307, 313 (1958).
The majority concludes that the circumstances call for the application of the doctrine of collateral estoppel. They hold that the jury verdicts at the trial of the first actions conclusively *277 established that the collision was caused by Frank's negligence, as well as that of Mrs. Grotz, and that therefore both are to be deemed joint tortfeasors as that term is defined in the Joint Tortfeasors Contribution Law. I cannot agree.
The issues presented to the jury at the first trial were several. As far as the issues of negligence were concerned, the jury's general verdicts of no cause for action could have been based on a determination either (a) that neither party had established by a preponderance of the evidence that the other was negligent or (b) that each had established that the other was negligent so that the respective affirmative claim of each was barred by his and her contributory negligence.
There is no finding, nothing in the record to show on which of these possible alternatives the general verdict was based. In the trial court and in her brief on appeal, Grotz contended, citing Kelley v. Curtiss, 16 N.J. 265 (1954), that the absence of such a showing is of no significance. She argued that since the jury's verdict in the action brought by Frank against Grotz "could have been based either upon a finding of lack of negligence by [Grotz] or contributory negligence by [Frank] that verdict is determinative of both issues against [Frank]" and that therefore Frank's negligence must be deemed conclusively established. The argument was bottomed on the following quotation from the opinion in Kelley v. Curtiss, supra, at p. 273:
"The case against Curtiss having been submitted to the jury with instructions that he was entitled to a verdict of no cause for action if the jury found either that he was not negligent or that Mrs. Kelley was guilty of contributory negligence, the general verdict is to be considered as determining both grounds in Curtiss' favor."
But the view thus expressed in Kelley has been expressly disapproved; it is no longer the law in this State. Ettin v. Ava Truck Leasing, Inc., 53 N.J. 463, 480-481 (1969); see also Note, "Developments in the Law  Res Judicata," 65 Harv L. Rev. 818, 845-846 (1952).
*278 Under Ettin,
"if `the judgment might have been based upon one or more of several grounds, but does not expressly rely upon any one of them, then none of them is conclusively established under the doctrine of collateral estoppel, since it is impossible for another court to tell which issue or issues were adjudged by the rendering court.'"
So here, it is impossible to tell from the jury's verdict of no cause for action in Frank's action against Grotz whether it was based on a finding that he was contributorily negligent or a finding that he had not proved that Grotz was negligent. Apposite is what was said in the quotation from Manard v. Hardware Mutual Casualty Company, 12 A.D.2d 29, 207 N.Y.S.2d 807, 809, set forth in Ettin (at p. 481):
"In this situation, the judgment entered on the jury's verdict cannot be made the basis of a collateral estoppel as to either of the grounds upon which it might have been based."
To determine whether the doctrine of collateral estoppel is applicable, reference must be made to the record at the first trial. If that record  here the general verdicts of no cause for action  is uninformative, then the doctrine may not be invoked. Going beyond the record and indulging in conjecture is impermissible.
As I read Ettin, it does not permit the approach adopted by the majority, which would make the application of the collateral estoppel doctrine depend on whether the court in the second action determines from an analysis of the physical aspects of the particular accident that it is more likely that the jury's general verdict in the prior action was based on one rather than the other of two possible alternative grounds.
In my view, the trial court acted properly in refusing to apply the doctrine of collateral estoppel and in directing the jury in the passengers' action to resolve the factual issue of whether Frank and Grotz, the defendants therein, were joint tortfeasors.
I would affirm.
NOTES
[1] In certain factual situations inconsistent results may occur in any event. For example, where two passengers bring separate actions against the same defendant in different jurisdictions, one may recover a judgment and the other fail. Until a means is devised of compelling the litigation of all claims arising out of the same accident to be tried in one action, some such inconsistency is inevitable.