FRANK ANSEDE, PETITIONER-RESPONDENT, v. NATIONAL GYPSUM CO., RESPONDENT-RESPONDENT, AND HART-FORD INSURANCE GROUP, APPELLANT.

Argued March 21, 1977—Decided June 14, 1977.

*Mr. Gerald M. Zashin* argued the cause for appellant.

*Mr. Alfred A. Arnold* argued the cause for respondent National Gypsum Co. (*Messrs. Galvin and Arnold,* attorneys).

*Mr. J. Russell Cozier* argued the cause for respondent Ansede (*Mr. Richard J. Traynor,* attorney).

PER CURIAM. In this workers' compensation proceeding, petitioner, Frank Ansede, a retired employee of National Gypsum Co. (National) had obtained an award for disability due to an occupational disease. National's insurance carrier, Hartford Insurance Group (Hartford), unsuccessfully sought an adjudication of its claim that the responsibility to pay the award should be shared between it and National, which immediately preceding Hartford's coverage had been self-insured.

Frank Ansede had been employed by National and its predecessor, Asbestos, Limited, from 1938 until his retirement on May 31, 1971. He was a maintenance man in the company plant where he was continuously exposed throughout the years to the dust created in the process of manufacturing asbestos shingles. By about 1964, he began to experience pulmonary symptoms including shortness of breath, a dry cough accompanied by a white sputum and fatigue.

National, a self-insurer between 1938 and January 1971, had arranged for x-rays to be taken of Ansede's chest in

1964, 1966 and 1970. The 1964 x-rays disclosed nodular lesions in both lung fields, fibrotic in nature of the type seen in pneumoconiosis. Each of the succeeding x-rays showed the nodular densities and increased bronchovascular markings. Dr. Ronald D. Goodman, petitioner's medical expert, testified that the pneumoconiosis manifested itself no later than 1967.

In January 1971, Hartford assumed National's workers' compensation coverage. Ansede filed a claim petition on January 25, 1971, in which he sought compensation for the disability due to his exposure to asbestos dust during his more than 32 years of employment. Hartford filed an answer and the case was pretried on January 24, 1972.

The first hearing was held on May 21, 1973. At that hearing Ansede explained that his symptoms (coughing with sputum, shortness of breath, tiredness) had existed over a long period of time and that at the instance of National, his chest had been x-rayed every two years beginning in 1964. He was advised by National's personnel manager to visit a private physician to whom the x-rays would be released. The petitioner heeded this advice and came under the care of Dr. Cox. Prompted by the disclosures in Ansede's testimony, on May 23, 1973, two days after the initial hearing, Hartford filed a motion to join National in its capacity as self-insured for any disability manifesting itself prior to January 1971.

On December 20, 1973, Ansede filed with the Division of Workers' Compensation an amended petition in which it named National as a self-insured prior to January 1971 and Hartford as the carrier subsequent to that time. The workers' compensation file does not disclose whether it was served. In any event, National never filed an answer and in its brief before us asserts that it was never served with the amended petition.

On February 24, 1975, the Judge of Workers' Compensation entered an award in favor of the petitioner, finding permanent disability of 22-1/2% of total due to pneumoconiosis and pulmonary fibrosis. At that time the respondent's at-

torney referred the judge to the pending motion to join National and to petitioner's amended claim petition. He requested that the issue of apportionment be heard on another date.

The judge denied the motion and the request. He asserted that the respondent had failed to move the motion and that any question concerning the coverage should have been raised at the time the answer was filed. Insofar as the amended petition was concerned, he pointed out that there was no evidence in the file of service, which is usually accomplished by mail.

Judgment was entered and Hartford appealed from the orders striking the motion and refusing to set down a hearing to determine whether apportionment was proper and, if so, the extent thereof.

The Appellate Division, holding that the motion was filed too late and that the issue was not properly before it because National was not served with a notice of appeal, affirmed and ordered Hartford to pay the award promptly, which it did. We granted certification, 70 *N. J.* 519 (1976), and ordered that National participate and file a brief in this appeal.

■■■■ The Workers' Compensation Act provides that a claimant for compensation shall file a petition under the Act. *N. J. S. A.* 34:15–51. Though no provision authorizes or empowers an insurance carrier to institute an independent proceeding against another company or a self-insured for an apportionment of an award, it is well settled that as an incident to its jurisdiction over workers' compensation claims, the Division has jurisdiction over claims between or among insurance carriers and employers. *See Conway v. Mister Softee, Inc.,* 51 *N. J.* 254, 259 (1968). However, adjudication before the Division of the responsibility *inter se* must be made in the proceeding instituted by the employee. No formal procedure has been adopted for impleading, but the practice of the Division has been to add another party either by having the employee file an amended petition or by permitting the respondent to accomplish that end by a motion. *See Wil-*

*liams v. Bituminous Casualty Corp.,* 51 *N. J.* 146, 150 (1968).

■ Both methods were utilized in this proceeding. The amended petition prepared and filed on behalf of the petitioner Ansede was never served on National. There is no doubt that the responsibility for serving the amended petition upon the employer rested with the Division. *N. J. S. A.* 34:15–52 requires that within five days of the filing, or as soon thereafter as is practicable, the secretary of the bureau shall cause a copy of the petition to be served upon the employer in the manner provided by law for the service of summons.

■ However, Hartford did file a motion to add National in the main proceeding and that motion should have been granted. Admittedly, it would have been preferable if the motion had been filed and acted upon earlier in the proceeding. Nevertheless, the Judge of Workers' Compensation should have acted upon the motion when it was filed — at a time in the proceeding before any medical testimony was produced. His failure to act should not deprive the insurance carrier of an opportunity to establish that the liability here is that of National. The employee is not prejudiced since he has received his award. Nor do we envision any prejudice to National. No such claim was made in its brief filed with this Court or at oral argument.

■ During the oral argument, the employer requested that we modify the principle enunciated in *Bond v. Rose Ribbon & Carbon Mfg. Co.,* 42 *N. J.* 308 (1964), which holds that responsibility is imposed upon the employer or carrier during whose employment or coverage the occupational disease was first disclosed by medical examination, work incapacity or manifest loss of physical function. *Accord, Giagnacovo v. Beggs Bros.,* 64 *N. J.* 32 (1973). *See Brooks v. Bethlehem Steel Co.,* 66 *N. J. Super.* 135 (App. Div.), certif. den., 36 *N. J.* 29 (1961); *Bucuk v. Edward A. Zusi Brass Foundry,* 49 *N. J. Super.* 187 (App. Div.), certif. den., 27 *N. J.* 398 (1958). The issue was not raised below or in the briefs

450

before us and we do not consider it appropriate to reconsider the *Bond* principle under these circumstances.

 Hartford also asserted in its appeal that it was assessed a disproportionate amount of the petitioner's counsel fees. The Appellate Division found that the Judge of Compensation had not mistakenly exercised his discretion in this respect. On oral argument the respondent withdrew its objection and, accordingly, we do not pass on that issue.

The judgment is reversed and the matter remanded to the Division of Workers' Compensation for further proceedings.

*For reversal and remandment*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For affirmance*—None.