167 N.J. Super. 121 (1979)
400 A.2d 544
JOHN SHUBECK AND MILDRED SHUBECK, PLAINTIFFS,
v.
EMIL ONDEK AND JOSEPH BASKO, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 9, 1979.
*123 Mr. Henry J. Daaleman for plaintiffs.
Mr. Robert C. Pollack, Jr. for defendant Emil Ondek (Messrs. Pollack & Brogan, attorneys).
Mr. Edwin J. McCreedy for defendant Joseph Basko (Messrs. Conant & McCreedy, attorneys).
GRIFFIN, J.S.C.
Mrs. Shubeck was a passenger in a car driven by Mr. Basko when, on May 1, 1976, it was involved in a collision with the Ondek car. In a suit started by Mr. Ondek in the Union County District Court based on property damage, a jury found Basko 100% liable and awarded damages of about $1200. The judgment is dated January 18, 1977 and was satisfied by New Jersey Manufacturers Insurance Company, Basko's carrier, which had defended the county district court action through its counsel, Conant & McCreedy, Esqs.
In March 1978 Mrs. Shubeck started a personal injury action in the Superior Court against both drivers, alleging substantial *124 injuries to her knee, requiring some $17,000 in medical expenses. Basko has crossclaimed against Ondek for contribution.
By motion Ondek seeks a summary judgment dismissing all claims and crossclaims against him, and Shubeck seeks a summary judgment on the issue of liability against Basko. Both rely on res judicata or collateral estoppel.
There seems to be no dispute as to any material fact. As to Shubeck the police report stated, "Bruised right knee and right ankle  see own doctor." Basko's report to his carrier stated that his passenger, Shubeck, had "Bruised knee." Hence, it is clear that New Jersey Manufacturers had notice of some injury to Shubeck before the county district court case was tried; however, no claim was made by Shubeck until November 1977, about ten months later.
Because of the small amount involved, Conant & McCreedy did not engage in substantial discovery in the county district court case. A young associate handled the trial.
To what extent should the parties to the Superior Court action be bound by the prior county district court jury verdict?
Liability has been completely litigated between the two drivers in the county district court. This is not the situation which existed in Reardon v. Allen, 88 N.J. Super. 560 (Law Div. 1965). In that case plaintiff in the county district court case was nominally Reardon, but actually his insurance carrier was, as subrogee, suing the other driver. It lost. Judge Botter held this result not binding on Reardon in his later personal injury action against Allen.
Without control over the action, without the power to decide when and where the action should be commenced, or if an appeal should be taken from an adverse decision, it would be unreasonable to hold that a personal injury claimant is bound by the adverse result in his insurer's property damage subrogation action. This would be too high a price to pay for collision insurance. [at 567]
In this case the nominal defendant in the county district court property claim suit was Basko, but the actual *125 defendant, or real party in interest, was New Jersey Manufacturers Insurance Company. Hence, it did have control of the litigation and could handle it any way it wished. It chose to treat it lightly. It should be bound by the result so far as Ondek is concerned. No New Jersey case has been found holding that the same issues between the same parties should be relitigated. This is clearly res judicata. See Hancock, Comptroller v. Singer Mfg. Co., 62 N.J.L. 289 (E. & A. 1898). Hence, on the claim for contribution between the drivers, the entire responsibility rests on Basko and his carrier. The crossclaim of Basko against Ondek will be dismissed.
The balance of Ondek's motion must, however, be denied. Shubeck, Basko's passenger's claim against him cannot be dismissed on Ondek's motion. Shubeck was not a party to the prior action. She is in no way bound by it. She has a right to bring her action against both of those whom she considers negligent. The rules of due process cannot be ignored.
Shubeck's motion for a summary judgment on the issue of liability against her driver, Basko, presents a somewhat different problem. She was not a party to the suit below, hence, would not be bound by the judgment. There is no mutuality between her and Basko. However, mutuality is only a factor to be considered in the problem of collateral estoppel.
Whether collateral estoppel should apply depends * * * on many factors, all of which are considered because they contribute to the greatest good for the greatest number so long as fairness is not sacrificed on that altar. We see no reason why "mutuality of estoppel," sanctified only by antiquity, should dictate from a preemptive position. It must be considered, along with all the other pros and cons. But the final result must be a sum of all the integers, and not a product of zero simply because one of the many numbers multiplied together is zero. [Continental Can Co. v. Hudson Foam Latex Products, Inc., 129 N.J. Super. 426, 430 (App. Div. 1974)]
What are the other pros and cons? One is a full and fair opportunity to litigate the issue in the first action. Our *126 Supreme Court, in United Rental Equip. Co. v. Aetna Life & Cas. Ins. Co., 74 N.J. 92 (1977), quoted from Restatement, Judgments, as follows:
A party precluded from relitigating an issue with an opposing party [under the principle of res judicata], is also precluded from doing so with another person unless he lacked full and fair opportunity to litigate the issue in the first action or unless other circumstances justify affording him an opportunity to relitigate the issue. * * * [at 101]
What other circumstances exist here which might justify permitting Basko to relitigate the issue?
In Desmond v. Kramer, 96 N.J. Super. 96 (Cty. Ct. 1967), certain passengers in a bus had been successful in their negligence actions. The cases were thoroughly tried. The issue of defendant's negligence was fully canvassed. The doctrine of estoppel by judgment was applied against defendant in a subsequent action by another passenger. This result seems sound, but as Judge Fulop said in his opinion:
Perhaps when a prior case has not afforded the defendant full opportunity and motivation for a strong defense, its effect should not be extended to other cases arising out of the same facts and involving the same issues. Of course, it would be difficult to formulate a general rule to apply on this basis. [at 105]
The trial court opinion in Continental Can Co. v. Hudson Foam Latex Products, Inc., 123 N.J. Super. 364, 373 (Law Div. 1973), emphasizes the concept that collateral estoppel should not apply unless the party against whom it is asserted had both opportunity and motive to fully litigate and where appropriate, appeal. It should be foreseeable that the ultimate outcome, if adverse, could later be used by others on a collateral estoppel basis.
In Reilly v. Dziamba, 90 N.J. Super. 325 (App. Div. 1966), Reilly was a passenger in the Warren car which was involved in a collision with Dziamba. In litigation between the collision carriers, Dziamba recovered against Warren *127 and Warren's counterclaim was dismissed. Reilly then sued both. The court held that Reilly was entitled to an adjudication as to the liability of all defendants in this action notwithstanding the outcome of the prior litigation. The issue of negligence depended on whether one or more defendants had been guilty of a breach of duty owing Mrs. Reilly. Reilly could not invoke the prior judgment to fix liability upon the Warrens. Neither may Dziamba do so. The action of the trial judge in granting Dziamba's motion for a judgment of indemnity against Warren, based on the prior judgment, was reversed.
The Reilly case does not give much guidance as only a short per curiam opinion is rendered. However, the result is not inconsistent with other cases as the prior litigation was between the collision carriers, not the individuals. On this basis, it may be reconciled.
Miraglia v. Miraglia, 106 N.J. Super. 266 (App. Div. 1969), presented a situation close to the case at bar. The Grotz car turned left into a restaurant parking lot and hit the Frank Miraglia car in which Gino and Fausto Miraglia were passengers. Grotz and Frank filed personal injury actions against each other. The cases were consolidated and resulted in a jury verdict of no cause for action for either. Gino and Fausto then brought personal injury actions against both drivers. Both drivers crossclaimed against each other for contribution. The jury gave a verdict for the passengers against Mrs. Grotz and no cause against Frank, finding her negligent and he not. Judgment was entered including one in Frank's favor against Mrs. Grotz on her crossclaim.
The court held that the passengers were not parties to the drivers' actions, hence cannot be bound by any findings which were made in those actions, but there was an identity of parties and of issues between the drivers. The prior jury found both drivers at fault.
Since the drivers had already fully litigated the issue of negligence, the policy of finality embodied in the doctrine of collateral estoppel *128 dictates that this principle should apply as between themselves, whether or not there exist valid reasons for not applying them against third parties.
Inasmuch as the passengers did not also invoke the doctrine of collateral estoppel on the later action, we express no opinion on the interesting question whether the apparently inconsistent verdicts obtained by the passengers might have been avoided had they done so and moved for summary judgment on the question of liability. [at 273]
This case presents that question. The passenger has moved for summary judgment on the question of liability.
The Miraglia case summarized the present state of the law as follows:
The right to invoke the application of the doctrine of collateral estoppel presupposes that certain prerequisites have been fulfilled. Among these is the necessity of a showing, from an examination of the record in the prior proceeding, that the issue involved has been fully litigated. On this basis courts have refused to apply the doctrine in cases where minor property damage claims are involved, where the parties are represented by their respective subrogation carriers and where the forum is one of limited jurisdiction. * * * The underlying policy here seems to be that it might be unfair to allow a judgment obtained under such circumstances to control the outcome of a subsequent, more serious, personal injury action. [at 275]
By bringing her motion for summary judgment on the issue of liability against Basko because the county district court found him 100% negligent, Mrs. Shubeck, the passenger, must be held to have released Ondek from liability even though no motion was made covering this. This is a comparative negligence case. There is no percentage left if Basko is 100% negligent. Had she not made the motion, she clearly would be entitled to her day in court against both drivers.
Perhaps in this case she should have the benefit of collateral estoppel. True, a minor property damage claim in a court of limited jurisdiction was involved, but the real party in interest against whom the estoppel is asserted, New *129 Jersey Manufacturers Insurance Co., did defend the case and did have knowledge that a passenger did suffer a minor injury.
A recent editorial in the New Jersey Law Journal points out the problems in using collateral estoppel as a sword in this type of situation. It urges the courts to be "sparing in its use." "Offensive Collateral Estoppel," 103 N.J.L.J., Thursday, February 15, 1979, Index Page 136. Justice Pashman, in State v. Gonzalez, 75 N.J. 181 (1977), agrees that before collateral estoppel is applied, many factors should be considered.
As a practical matter this issue need not be decided. If the passenger recovered a judgment against both drivers, no matter what the percentage the jury allocated to each, Ondek would have a right of 100% contribution against Basco based on the county district court adjudication. It is undisputed that Basko has sufficient insurance coverage. Hence, to keep Ondek in the case would be a waste of legal expense and time. Having made her choice, by her motion, the passenger is left to pursue her damage claim against Basko alone. The liability issue has been decided as between the drivers. The passenger has adequate protection.