Gilbert W. McINTOSH, Plaintiff,

v.

CHICAGO EXPRESS, Inc., a corporation, Defendant.

No. C 287–55.

United States District Court
D. New Jersey.

Aug. 5, 1957.

---

Charles A. Rooney, Jersey City, N. J., of Chicago Express, Inc., for the motion.

Myron L. Levy, Somerville, N. J., for Gilbert W. McIntosh, contra.

FORMAN, Chief Judge.

This is a motion for summary judgment by Chicago Express, Inc., hereinafter referred to as Chicago, against Gilbert W. McIntosh for contribution under the New Jersey Joint Tortfeasors Contribution Act, N.J.S. 2A:53A-1, et seq.[1]

The parties to this action were parties to a suit arising out of a motor vehicle collision which occurred on October 30, 1954. Jurisdiction of this court was obtained by virtue of diversity of citizenship and damages alleged to be in excess of $3,000. One Virginia Thompson, a passenger in the McIntosh vehicle, also sued Chicago, but did not sue McIntosh. Chicago, in count one of an amended counterclaim, sued McIntosh for damages to its vehicle, and joined him, in count two of the amended counterclaim, as a party defendant to the Thompson suit, and for contribution under the provisions of the Joint Tortfeasors Contribution Act. McIntosh's answer to the amended counterclaim denied any negligence of his own, and asserted that Chicago was either solely or contributorily negligent.

The cases were consolidated for trial, and at the trial, a motion by Chicago to sever count two of its amended counterclaim, to which consent was given by McIntosh, was granted.

The jury returned a verdict of no cause for action in the claims of both McIntosh and Chicago against each other, but returned a verdict of $22,500 on behalf of Virginia Thompson against Chicago. The judgment has been satisfied, and Chicago now demands from McIntosh, under the severed count two of the amended counterclaim, $11,311.89, representing one-half of the total judgment and costs as McIntosh's contributing share as a joint tortfeasor.

It is the contention of Chicago that the jury verdict of no cause for action as between McIntosh and Chicago was, in effect, a finding that both McIntosh and Chicago were negligent, and that they were both joint tortfeasors with respect to the claim of Virginia Thompson. This contention is denied by McIntosh, claiming, initially, that the jury verdict did not necessarily find contributory negligence; and secondly, that he has not had a trial of the issue of his liability to Virginia Thompson, and that the jury verdict of no cause for action by McIntosh against Chicago was not res adjudicata of the issue of his laibility to Virginia Thompson, a finding of which would be necessary to support a judgment for contribution.

Both McIntosh and Chicago rely on Sattelberger v. Telep, 1954, 14 N.J. 353, 102 A.2d 577. In that case, both plaintiff and defendant had originally been defendants in a negligence action, in the course of which the suit against Telep was dismissed by the court on the ground that the complaint had failed to state a cause of action against him. Judgment was rendered against Sattelberger, which he satisfied, and then proceeded

---

1. 2A:53A-1:
"For the purpose of this act the term 'joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them. A master and servant or principal and agent shall be considered a single tortfeasor."

2A:53A-2:
"The right of contribution exists among joint tortfeasors."

2A:53A-3:
"Where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tort-feasors, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damage against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share; but no person shall be entitled to recover contribution under this act from any person entitled to be indemnified by him in respect to the liability for which the contribution is sought."

against Telep under the Joint Tortfeasors Contribution Act. This action was dismissed in the trial court on the theory that the Joint Tortfeasors Contribution Act could be invoked only when the defendant in the contribution suit had been previously found to have been a joint tortfeasor.

On appeal, the New Jersey Supreme Court reversed the trial court, and held that suit under the Joint Tortfeasors Contribution Act did not require a prior determination of defendant's liability. The court did observe, however, that contribution must be predicated upon a determination of liability arrived at after the party sued had been accorded his full legal process, attendant with all constitutional safeguards, saying the following, 14 N.J. at page 366, 102 A.2d at page 583:

" * * * the statutory obligation of contribution is not confined to the judgment defendants in the principal proceeding. By explicit terms it is extended to all participants in the joint wrongdoing, whether there has been judgment against all or some of them; and it is fundamental in the statutory scheme that a joint tortfeasor not impleaded in the principal action, and so not a party to the basic judgment shall not be liable to contribution under the statute until his liability in tort has been established by judgment in a proceeding comporting with the immutable principles of individual right and justice that are comprehended in the term 'due process', including the constitutional right of trial by jury, as if he were a party defendant to the action in which judgment was had against the contribution claimant. It is fundamental that as to the asserted prerequisite liability in tort, the contribution proceeding is to be treated as if it were an action for damages by the injured party against the defendant from whom contribution is claimed. The defendant in contribution is not concluded by the judgment in the principal action to which he was not a party."

Additionally, in the same opinion, 14 N.J. at page 367, 102 A.2d at page 584, the court quoted the following from an opinion by Justice Brandeis:

" 'The right to sue for contribution does not depend upon a prior determination that the defendants are liable. Whether they are liable is the matter to be decided in the suit. To recover a plaintiff must prove both that there was a common burden of debt and that he has, as between himself and the defendants, paid more than his fair share of the common obligation. Every defendant may, of course, set up any defense personal to him.' Phillips-Jones Corporation v. Parmley, 1937, 302 U.S. 233, 58 S.Ct. 197, 82 L.Ed. 221."

It is thus apparent that if the fact determination of Mc Intosh's liability has not been adjudicated, no summary judgment could issue. Attention must therefore be directed to Chicago's assertion that Mc Intosh's joint liability had been determined in the prior litigation, for, as it is stated in Sattelberger v. Telep, supra, 14 N.J. at page 367, 102 A.2d at page 584:

" * * * it is incumbent on the contribution claimant in a case such as this to establish a *common liability* for the wrongful act, *neglect or default* made the basis of the judgment and *the quantum of the damages* ensuing from the joint offense." (Emphasis supplied.)

It will be remembered that the jury returned verdicts of "no cause for action" on both the claim and counterclaim of Mc Intosh and Chicago. Both parties in their answers urged contributory negligence as a defense, as well as non-negligence. The jury verdict has the effect of finding both parties culpable of contributory negligence. See Kelley v. Curtiss, 1954, 16 N.J. 265, 108 A.2d 431.

McIntosh's assertion that the jury verdict did not necessarily include a finding

of contributory negligence, is a similar argument to the one urged in Kelley v. Curtiss, supra, where the court, discussing this very point, said, 16 N.J. at page 273, 108 A.2d at page 435:

"Viewed as alternative findings, the judgment is determinative in Curtiss' favor upon both grounds. Such is the rule followed in most jurisdictions, 65 Harv.L.Rev., supra, at p. 845; it is the rule favored by the Restatement, Judgments, sec. 68, comment n. The rule rests upon the rationale that 'Where the judgment is based upon the matters litigated as alternative grounds, the judgment is determinative on both grounds, although either alone would have been sufficient to support the judgment. * * * a judgment for the defendant is not based on one of the issues more than on the other; and it must be said either that both are material to the judgment or that neither is material. * * * and hence both should be held to be material.' Restatement, supra, comment n. The alternative choice of no collateral estoppel as to either finding is not favored. Scott, Collateral Estoppel by Judgment, 56 Harv.L.Rev. 1, 11 (1942)."

■ The charge to the jury in the original suit involving the parties now before the court, included similar instructions concerning a finding of no cause for action for the plaintiff on his claim, or the defendant on its counterclaim, if the jury found no negligence in the defending party, or contributory negligence in the complaining party. The verdict of no cause against both Mc Intosh and Chicago necessarily included, in the light of the Kelley case, a finding of contributory negligence in both parties.

The issue of Mc Intosh's liability, in the very same accident in which Virginia Thompson was injured, has been litigated. The verdict of no cause for action in Mc Intosh's suit against Chicago necessarily included within its scope the element of contributory negligence.

■ Mc Intosh is estopped from raising anew the question of his liability to Virginia Thompson under the doctrine of collateral estoppel. Kelley v. Curtiss, supra; and see Creter v. Davies, 1954, 31 N.J.Super. 402, 403, 107 A.2d 17.

■ Although count two of Chicago's amended counterclaim, joining McIntosh as a third party defendant and answerable as a joint tortfeasor, was severed at the trial, Mc Intosh's responsive pleading to count two asserted no affirmative defense vis a vis Virginia Thompson. Affirmative defenses, such as contributory negligence or assumption of risk, among others, must be affirmatively pleaded. 28 U.S.C. Rule 8(c), Federal Rules of Civil Procedure; and the equivalent rule in New Jersey practice is R.R. 4:8-2.

The Mc Intosh pleadings offered no defenses personally exonerating him from liability for the Thompson injuries, other than non-negligence, which latter defense was swept aside by the jury verdict.

The issue of Mc Intosh's negligence, in the accident wherein Virginia Thompson was injured, having thus been determined, and Mc Intosh having had full opportunity in a trial by jury to refute the charge of contributory negligence, and having failed to do so, I must conclude that no further fact issue remains to be decided.

■ Chicago's purpose in moving to sever count two of its amended counterclaim is obscure, and its action has led to additional and unnecessary circuitous steps to obtain a result which could have been accomplished at the consolidated trial. However, Chicago has not precluded itself from moving for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Indeed, the grounds for such a motion were generated in the jury's verdict, and further litigation could only be repetitious of the past trial. Since Chicago has met the requirements of the Joint Tortfeasors

Contribution Act, it is entitled to contribution from McIntosh in the amount for which suit has been brought.

Settlement of an order in conformity herewith shall be noticed by Chicago for Tuesday, September 3, 1957, a motion day. An order may be filed sooner if counsel consents as to form, reserving his objections as to substance.