**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3780-16T1

RON GASTELU, JR.,

       Plaintiff-Appellant/
       Cross-Respondent,

v.

ANDREW M. MARTIN, ESQ., GARY
MATTOLA, MADISON MARQUETTE,
MADISON ASBURY RETAIL, LLC,
MADISON ASBURY INVESTMENT,
INC., ASBURY PARTNERS, LLC,
MADISON MARQUETTE RETAIL
SERVICES, LLC, MADISON ASBURY
INVESTMENTS II, LLC, and MADISON
ASBURY OPERATING, LLC,

       Defendants,

and

RICHARDS KIBBE & ORBE, LLP,

       Defendant-Respondent/
       Cross-Appellant.

_____

Submitted November 4, 2019 – Decided April 7, 2020

Before Judges Rothstadt and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-4067-14.

Piekarsky & Associates, attorneys for appellant/cross-respondent (Scott B. Piekarsky, of counsel; Justin Jerome Walker, on the briefs).

Baldassare & Mara, LLC, attorneys for respondent/cross-appellant (Jennifer Mara and George Tenreiro, on the briefs).

PER CURIAM

In this professional negligence action filed by plaintiff Ron Gastelu, Jr. against a New York attorney, defendant Andrew M. Martin, and his former employer, defendant Richards Kibbe & Orbe, LLP (RK&O), plaintiff appeals from the Law Division's November 20, 2015 order under Rule 4:6-2(e), dismissing with prejudice plaintiff's amended complaint against RK&O.[1]

---

[1] Plaintiff's Notice of Appeal, as amended, states he is appealing from an April 13, 2017, stipulation of dismissal that was filed in the Law Division dismissing plaintiff's complaint as to all defendants, except Martin and RK&O. His appellate Case Information Statement states that he is also appealing from the November 20, 2015 order and a July 24, 2015 order compelling arbitration of his claims that were unrelated to the allegations of professional negligence. However, not only was the July order entered pursuant to an earlier remand by this court, see Gastelu v. Martin, No. A-0049-14 (App. Div. July 9, 2015) (slip op. at 2) (Gastelu I), but in this appeal, plaintiff failed to brief any issue regarding the stipulation or the July order. Under these circumstances, we deem his appeal relating to the stipulation or the order to have been waived. See

RK&O cross-appeals from an April 28, 2015 order denying its summary judgment motion and motion to dismiss plaintiff's complaint for failure to submit an affidavit of merit as required by N.J.S.A. 2A:53A-27.

As we previously observed in our earlier opinion addressing this dispute, "[a]ll of the claims arose from plaintiff's entry into an operating agreement . . . for the formation of a limited liability company . . . through which plaintiff, his cousin and [Martin] owned and operated a bar" that ultimately failed. Gastelu I, slip op. at 2. In the present matter, the motion judge denied RK&O's motion seeking summary judgment after concluding it was premature and that the requirement for an affidavit of merit was inapplicable to plaintiff's claim, but even if it was, the one he filed met the statute's requirements.

The judge later granted RK&O's second motion to dismiss under Rule 4:6-2(e), after denying an earlier motion for the same relief and permitting plaintiff to amend his complaint. The judge granted the second motion to dismiss after he concluded that the amended complaint insufficiently pled a cause of action

Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived."). On May 30, 2017, plaintiff asked that the appeal be withdrawn as to the dismissal of the complaint against Martin. On March 7, 2019, plaintiff moved before us seeking "to correct [the] docket to reinstate . . . Martin." We denied the motion on March 27, 2019.

A-3780-16T1

for legal malpractice against Martin. We affirm the dismissal of plaintiff's complaint. For that reason, we do not reach RK&O's contentions on its cross-appeal.

We need not recite here the details of plaintiff's allegations, as set forth in Gastelu I, relative to the formation of the subject business venture, his and Martin's roles in its operations, and Martin's conduct that injured plaintiff. See Gastelu I slip op. at 3-6. Suffice it to say for our purposes, plaintiff's complaint asserted that Martin's actions, which included his practicing law without being admitted in New Jersey, not advising plaintiff to seek independent counsel or provide him with a retainer agreement, violated New Jersey's Rules of Professional Conduct (RPC), "deviated from accepted standards of legal practice, breached his contract and breached a fiduciary duty to [p]laintiff all of which are . . . substantial factor[s] causing [p]laintiffs economic losses." Id. at 5-6 (alterations in original).

As noted, after our remand, the motion judge permitted plaintiff to file an amended complaint. In the second count of the amended complaint,[2] plaintiff again asserted that RK&O was "vicariously liable" for Martin's actions as he

---

[2] The other three counts of the amended complaint did not seek any relief against RK&O.

"held himself [out] as an attorney who was representing the [p]laintiff and the business," and in doing so, acted as RK&O's agent when he failed to comply with the RPCs and "deviated from accepted standards of legal practice, breached RPC's, violated New Jersey liquor laws, violated the unlawful practice of law statute, breached his contract and breached his fiduciary duty to [p]laintiff."

The actions for which plaintiff alleged RK&O was responsible were stated in the first count. There, plaintiff initially claimed that an attorney-client relationship was formed when Martin told plaintiff that he and his firm would represent the parties and plaintiff would not have to pay for their legal services. But, allegedly contrary to RPC 1.5, no retainer agreement was ever executed by plaintiff and Martin. According to plaintiff's allegations, "[p]laintiff ha[d] been prejudiced by the lack of this document, as set forth hereinafter."

The pleading also alleged that Martin prepared an operating agreement for the business, but excluded "certain pages that he added later without advising plaintiff." Martin also represented that RK&O would be handling negotiations with a third party and the firm would "get [the] deal done." The allegations then described how Martin and the other non-lawyer defendants mishandled the business operations or attempted to interfere with plaintiff's interest in the same,

5

including his right to be compensated for services he rendered to the business or to receive profits.

Plaintiff then asserted that Martin, as RK&O's agent, misrepresented that he was a New Jersey attorney and violated RPC 1.8 by not advising plaintiff to secure independent counsel relating to the business venture with Martin and not refraining from "engag[ing] in activities giving rise to a clear conflict of interest." According to plaintiff, if he had been properly advised, he would have obtained his own attorney, which would have prevented his losses. Plaintiff concluded by reasserting his allegation from his earlier complaint about Martin, and therefore RK&O, deviating "from accepted standards."

Martin filed a motion to dismiss the fourth count of the amended complaint and to refer the claim made therein to arbitration in accordance with our opinion Gastelu I, and to dismiss the remaining counts under Rule 4:6-2(e). The following day, RK&O filed its motion seeking the dismissal of the complaint under the same Rule. On November 20, 2015, the motion judge granted Martin's motion. The judge set forth his reasons in a rider to the order.[3]

---

[3] Inexplicably, although the motion judge's decision made clear he was dismissing the claims against RK&O, the order did not mention RK&O or its motion.

In the rider, the motion judge explained his obligation under <u>Printing Mart-Morristown v. Sharp Electronics Corp.</u>, 116 N.J. 739 (1989) when "determining the adequacy of a pleading." He then identified the elements of a cause of action for legal malpractice. Citing to <u>McGrogan v. Till</u>, 167 N.J. 414, 425 (2011), he explained that the claim required proof of (1) an attorney-client relationship; (2) a duty created by that relationship; (3) a breach of that duty; and (4) proximate causation. Relying on <u>Baxt v. Liloia</u>, 155 N.J. 190, 199-202 (1998), the judge reviewed the relationship between an allegation that an attorney violated an RPC to a claim of professional negligence. The judge stated that evidence of a violation supports a claim of legal malpractice, but the violation alone does not "per se give rise to tortious claims."

Turning to plaintiff's claims against RK&O, the judge addressed the law firm's alleged vicarious liability for Martin's actions under the doctrine of respondeat superior, noting that an employer can be liable "if the employee was acting within the scope of his or her employment." Relying on <u>Carter v. Reynolds</u>, 175 N.J. 402 (2003), the motion judge explained that "[i]n order for an employee's conduct to fall within the scope of employment, the conduct must: (1) be of the kind he or she is employed to perform, (2) occur substantially within

the authorized time and space limits, and (3) [be] actuated, at least in part, by a purpose to serve the master."

Applying those legal principles, the judge found plaintiff sufficiently pled the existence of an attorney-client relationship between plaintiff and Martin because Martin referenced his firm when he and plaintiff were discussing the venture. Despite the existence of the attorney-client relationship, the judge found malpractice was not sufficiently pled because the first amended complaint merely alleged ethical violations "which alone [were] not sufficient to establish a cause of action for legal malpractice."[4]

The judge also rejected plaintiff's attempt to establish professional negligence by alleging Martin violated New Jersey liquor laws in his operation of the bar and the statute barring the unauthorized practice of law. The judge concluded that "[s]uch allegations [were] insufficient to defeat Martin's [m]otion [and] without a claim for legal malpractice against Martin, there [was] no claim for vicarious liability against RK&O." The judge stated that "both motions

---

[4]  On December 16, 2015, plaintiff filed a motion for leave to file an interlocutory appeal of the November 20, 2015 order dismissing plaintiff's amended complaint. We denied the motion on January 27, 2016.

[were] granted [and the first amended complaint was] dismissed, with prejudice."

After plaintiff dismissed his claims against the other defendants, he filed this appeal, but later withdrew it as it pertained to Martin. RK&O cross-appealed from the earlier order denying its summary judgment and affidavit of merit motions.

On appeal, plaintiff asserts that the motion judge erred by concluding that the first amended complaint relied solely upon plaintiff's allegations about Martin violating the RPC's. According to plaintiff, his pleading "set[] forth numerous facts that are not reliant upon or concern ethical violations." While we agree that the pleading contains numerous allegations unrelated to the RPC's, we disagree with plaintiff that they were sufficient to state a cause of action for professional negligence.

At the outset, we determine that since plaintiff withdrew his appeal from the motion judge's order dismissing with prejudice the malpractice claims against Martin, the appeal arguing that RK&O is still liable is without any merit. Where all claims regarding actionable conduct by an employee have been dismissed with prejudice, no vicarious liability can be maintained because the dismissal "specifying that it is 'with prejudice constitutes an adjudication on the

merits "as fully and completely as if the order had been entered after trial."'" A.T. v. Cohen, 231 N.J. 337, 351 (2017) (quoting Velasquez v. Franz, 123 N.J. 498, 507 (1991)). The preclusive effect of such a dismissal applies to those entered pursuant to Rule 4:6-2(e). See Velasquez, 123 N.J. at 506-07.

"[A] verdict which exonerates the employee from liability requires also the exoneration of the employer." See Walker v. Choudhary, 425 N.J. Super. 135, 152 (App. Div. 2012) (quoting Kelley v. Curtiss, 16 N.J. 265, 270 (1954)) (rejecting dismissal of an action against employee on summary judgment based upon statute of limitations as a reason to dismiss claim against employer under Kelley). "[I]if the employee is not to be held responsible for his wrongdoing, the employer whose liability is asserted solely upon the basis of imputed responsibility for his employee's wrong cannot in fairness and justice be required to respond in damages for it." Ibid. (quoting Kelley, 16 N.J. at 271).

Although plaintiff's withdrawal of his appeal as to Martin should end our discussion, for completeness, we address plaintiff's contention on appeal.

In our review of a dismissal under Rule 4:6-2(e), "we apply the same standard that bound the trial judge and, therefore, 'search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, [giving]

opportunity . . . to amend if necessary.'" Wild v. Carriage Funeral Holdings, Inc., 458 N.J. Super. 416, 423-24 (App. Div. 2019) (alterations in original) (quoting Printing Mart, 116 N.J. at 746), aff'd __ N.J. __ (2020). We "are unconcerned with the plaintiff's ability to prove what is alleged, and instead consider only whether—after giving plaintiff the benefit of 'every reasonable inference of fact,' Printing Mart, 116 N.J. at 746—a sustainable claim has been pleaded." Ibid. This examination is "painstaking and undertaken with a generous and hospitable approach." Ibid. "[A]t the pleading stage of [a] case, in which the facts have yet to be developed[, a] plaintiff is entitled to every reasonable inference of fact, [when a court determines whether] plaintiff has stated a claim sufficient to survive [a] motion to dismiss under Rule 4:6-2." Wild, __ N.J. at __ (slip op. at 2).

"We thus examine the judge's dismissal of the [professional negligence] claims by assuming the truth of the [first amended complaint's] factual allegations and by drawing reasonable inferences that suggest a cause of action." Wild, 458 N.J. Super. at 424.

Applying these standards, we conclude that plaintiff's amended complaint did not set forth a colorable claim of professional negligence against RK&O and was properly dismissed on the Rule 4:6-2(e) motion. Although plaintiff couched

11

his claim against Martin in terms of professional negligence, the gravamen of the complaint was founded upon Martin's alleged intentional wrongful acts as the operator of the parties' business venture and not as plaintiff's attorney. Moreover, there were no allegations that this conduct related to Martin's work for RK&O. See Piscitelli v. Classic Residence by Hyatt, 408 N.J. Super. 83, 103 (App. Div. 2009) (focusing upon "the gravamen of plaintiff's legal action" in determining that a complaint was properly dismissed under Rule 4:6-2(e)).

Even if we were to consider the claim to be one for professional negligence against RK&O, plaintiff still failed to set forth the elements of a claim for professional negligence, as correctly explained by the motion judge, based upon RK&O's alleged vicarious liability for Martin's actions in operating the business.

First, by arguing that he did not solely rely upon Martin's alleged violations of the RPCs, plaintiff concedes that those violations alone cannot support a claim of legal malpractice. See Baxt, 155 N.J. at 199-200. Such a conclusion follows from the notion that the "disciplinary rules serve purposes that are substantially different from those of an individual litigant in a civil action," and nothing suggests the RPCs "in themselves create a duty or that a

violation of the RPCs, standing alone, can form the basis for a cause of action." Id. at 201, 202.

Second, as to the legal services Martin allegedly performed, such as failing to prepare an engagement letter or omitting certain pages of the operating agreement prepared for the business that Martin added later without notifying plaintiff, or advising him to be a silent partner, plaintiff never pled how his "injuries were suffered as a proximate consequence of the attorney's breach of duty." Sommers v. McKinney, 287 N.J. Super. 1, 10 (App. Div. 1996). Allegations based upon "conjecture, surmise or suspicion" will not suffice. Ibid.

Further, plaintiff never alleged that Martin's professional negligence was a substantial factor in any monetary loss. See Froom v. Perel, 377 N.J. Super. 298, 313 (App. Div. 2005). Although plaintiff alleged he was injured by Martin's failure to prepare a retainer letter, and that the injury was to be explained "hereinafter" in the complaint, plaintiff never followed up with an allegation explaining how he was injured. Instead, he confirmed that Martin stated plaintiff would not be charged for legal services and there is no allegation Martin or RK&O ever billed plaintiff for any work.

As for Martin's "evident" conflict of interest, plaintiff never connected that conflict to any specific act that caused plaintiff any injury. Plaintiff alleged

he was owed significant sums of money, totaling over $500,000, but failed to allege that lost money was related to Martin's conduct as an attorney. Those losses were business-related and were allegedly caused by Martin's operation of the bar rather than his drafting the operating agreement or performance of legal service.

Even if plaintiff's first amended complaint could be read to state a claim against Martin for professional negligence, the malfeasance plaintiff described did not support a claim of RK&O's vicarious liability for Martin's actions.

Applying the requirements for alleging a vicarious liability claim, as correctly explained by the motion judge, the amended complaint never alleged that any of Martin's actions related to any work for which RK&O hired Martin. In fact, plaintiff alleged that Martin's actions were in violation of not only applicable liquor laws, but also the statutory prohibition against the unauthorized practice of law in this state. Without an allegation that somehow those actions were within the scope of Martin's employment with RK&O—that they were "so similar to or incidental to the conduct authorized" by RK&O, Carter, 175 N.J. at 412—plaintiff did not adequately set forth a claim for vicarious liability. An employee's act is considered outside the scope of his or her employment, for purposes of imposing vicarious liability, "'if it is different

14

in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.' Only rarely will intentional torts fall within the scope of employment." Davis v. Devereux Found., 209 N.J. 269, 303 (2012) (citation omitted).

Moreover, plaintiff's complaint fails to allege that RK&O stood to benefit at all from Martin's conduct or that RK&O was involved in any manner with Martin's approaching plaintiff to start the business. Plaintiff alleged that Martin approached plaintiff on his own to start a restaurant and bar and entered into an agreement with plaintiff, presumably intending to benefit himself and, purportedly, plaintiff. There is no allegation that the business was intended to benefit RK&O in any manner. There is no allegation that Martin was acting on behalf of RK&O or that RK&O stood to benefit from Martin's contact with plaintiff. Significantly, plaintiff never alleged that RK&O received any compensation for any work that Martin performed for plaintiff or that RK&O even had knowledge about what Martin was doing in his business venture with plaintiff.

In addition, plaintiff has failed to sufficiently allege Martin's conduct was within the time and space limits authorized by RK&O. Nothing in plaintiff's complaint relates to the work Martin was authorized to perform by RK&O other

than plaintiff's assertion that Martin was acting as an agent for RK&O. In his complaint, plaintiff never alleged RK&O authorized Martin's conduct or otherwise took any affirmative action relating to Martin's activities. Under these circumstances, RK&O cannot be held vicariously liable. See Staron v. Weinstein, 305 N.J. Super. 236, 240 (App. Div. 1997).

In light of plaintiff's complaint and its dearth of necessary allegations, we agree that dismissal under Rule 4:6-2(e) with prejudice was warranted, especially given the fact that plaintiff was previously given an opportunity to amend his complaint to assert a cause of action. See Johnson v. Glassman, 401 N.J. Super. 222, 247 (App. Div. 2008) (affirming dismissal with prejudice where plaintiffs "already amended their complaint once . . . without adding any material allegations relevant" to their claim).

As we have determined that plaintiff's action was properly dismissed, we need not address RK&O's contentions on its cross-appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3780-16T1