**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2903-24

CHARLOTTE REEVES, as
Executrix of the Estate of GEORGE
REEVES, and CHARLOTTE
REEVES in Her Own Right,

     Plaintiffs-Appellants,

v.

INSPIRA HEALTH NETWORK,
INC. and INSPIRA MEDICAL
CENTERS, INC.,

     Defendants-Respondents,

and

COOPER UNIVERSITY HEALTH
CARE, COOPER UNIVERSITY
EMERGENCY PHYSICIANS, PC,
COOPER UNIVERSITY TRAUMA
PHYSICIANS, PC, TIMOTHY
PILLA, MD, CHRISTOPHER
NOEL, MD, and DANIELLE
BROCCO, RN,

     Defendants.

Submitted January 15, 2026 – Decided February 19, 2026

Before Judges Mawla and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-0677-23.

Sacchetta & Baldino, attorneys for appellants (Thomas F. Sacchetta, of counsel and on the brief, Randi S. Greenberg, on the brief).

Grossman, Heavey & Halpin PC, attorneys for respondents (Michael G. Halpin, on the brief).

PER CURIAM

In this medical malpractice and wrongful death action, plaintiff Charlotte Reeves, as Executrix of the Estate of George Reeves (decedent), and in her own right, appeals from the trial court's April 25, 2025 order granting defendant Inspira Medical Centers, Inc. Mullica Hill's (Inspira)[1] motion to dismiss plaintiff's complaint with prejudice for failure to serve an appropriate affidavit of merit (AOM) as required by the AOM statute, N.J.S.A. 2A:53A-26 to -29. The primary issue on appeal is whether the AOM authored by Kenneth C. McCawley, R.N. was sufficient to support plaintiff's vicarious liability claim

---

[1] Plaintiff incorrectly named Inspira as Inspira Health Network, Inc., and Inspira Medical Centers, Inc.

against Inspira.  We conclude the court erred in dismissing plaintiff's complaint. Therefore, we reverse and remand.

## I.

On February 22, 2021, decedent, then eighty-three years old, presented to Inspira and underwent a laparoscopic right colon resection performed by defendant Timothy Pilla, M.D.  After surgery, decedent remained at Inspira's facility under the care of its staff.  A member of the nursing staff, Jamie Macauley, R.N., allegedly failed to raise the railings on decedent's bed, and on the day following surgery, decedent fell out of his bed and sustained a hip fracture.  As a result of the fall, decedent required further surgical intervention. Following a second surgery, decedent's hemoglobin dropped.  Although he received blood transfusions, his condition continued to deteriorate, and on March 4, 2021, he passed away.

Plaintiff filed a complaint[2] in February 2023, alleging medical negligence and various related claims, including vicarious liability, ostensible agency, corporate negligence, wrongful death, and a survival action against the following:  Inspira; Cooper University Health Care, Cooper University

---

[2]  Plaintiff's complaint was filed in Camden County, but venue was later transferred, pursuant to a consent order, to Burlington County in March 2023.

A-2903-24

Emergency Physicians, PC, Cooper University Trauma Physicians, PC (Cooper defendants); Dr. Pilla; Christopher Noel, M.D.; Danielle Brocco, R.N.; and various John Doe defendants. Inspira, Dr. Pilla, and Nurse Brocco answered the complaint in early March 2023, and the remaining defendants answered later that month.

On May 5, 2023, plaintiff served an AOM on Inspira, prepared by Nurse McCawley.[3] The AOM, in pertinent part, provided:

> [] As a result of my review in this matter, I can state that there exists a reasonable probability that the care, skill[,] or knowledge exercised in the treatment of [decedent] by defendants, [Nurse] Brocco, . . . [Inspira], Cooper University Health Care, Cooper University Emergency Physicians, [and] Cooper University Trauma Physicians[,] that are the subject of the [c]omplaint, fell below acceptable professional standards causing harm to [decedent].

---

[3] Plaintiff also served AOMs prepared by Howard Yeaton, M.D., as to Dr. Noel, Dr. Pilla, and the Inspira and Cooper defendants.

A Ferreira conference[4] was subsequently held in June 2023, and a case management order with a discovery end date of May 31, 2024 was entered.[5] At the Ferreira conference, Inspira acknowledged the AOMs were sufficient, "except to the extent [p]laintiff's theory of the case against said [d]efendants involves allegations relating to negligent administration." Plaintiff never filed an amended AOM and concedes she abandoned the negligent administration claims.

In a February 2024 consent order, discovery was extended until October 30, 2024. Notably, the deposition of Nurse Brocco was conducted on March 4, 2024. Plaintiff's counsel maintained he did not learn Nurse Macauley, rather than Nurse Brocco, was on duty at the time of decedent's injury until shortly before Nurse Brocco's deposition. Counsel explains he only realized Nurse Macauley's involvement upon receiving a complete copy of Inspira's records for the first time. He confirmed Nurse Macauley's involvement at Nurse Brocco's

---

[4] In Ferreira v. Rancocas Orthopedic Associates, our Supreme Court established that an accelerated case management conference (also known as a Ferreira conference) should be conducted within ninety days of the filing of a defendant's answer in order to identify and address any issues concerning the AOM served or not served by a plaintiff. 178 N.J. 144, 154-55 (2003).

[5] Thereafter, the Cooper defendants and Dr. Noel were dismissed, in an unopposed motion, due to plaintiff's failure to comply with the AOM statute. That order is not before us on appeal.

A-2903-24

deposition. The day after Nurse Brocco's deposition, plaintiff moved for leave to amend her complaint to add Nurse Macauley as a defendant. The Inspira defendants opposed the motion, and Nurse Brocco cross-moved for summary judgment.[6]

The trial court subsequently conducted oral argument and rejected plaintiff's argument she had only recently learned the identity of Nurse Macauley. The court stated, "[i]t seems as though this medical chart identifying Nurse . . . Macaul[e]y was produced prior to the . . . March . . . 2024 date."[7] The court continued, noting:

> I[t was] inclined to deny th[e motion] without prejudice because it does appear that . . . the statute of limitations would be violated at this point by joining Nurse Macaul[e]y, [and] it does appear from the papers that the chart was produced prior to the litigation. Nurse Macaul[e]y's name is identified[,] and it's not a situation of not being able to read somebody's handwriting. The various pages of the chart in and around the time of the . . . fall do show Nurse Macaul[e]y's name. So[,] it would seem . . . the amendment would be futile.

---

[6] The parties subsequently entered a stipulation of dismissal with prejudice as to Nurse Brocco, and her cross-motion was withdrawn.

[7] Later in the argument, plaintiff's counsel acknowledged their receipt of the records prior to Nurse Brocco's deposition in March 2024 "was [not] the first time [they] saw Nurse . . . Macaul[e]y's name in the records." Plaintiff's counsel then conceded Nurse Macauley's name was provided in the records Inspira previously produced in or about April 2021.

The court therefore denied plaintiff's motion to amend the complaint.

In September 2024, discovery was again extended until January 31, 2025. The parties subsequently entered a stipulation of dismissal with prejudice as to Dr. Pilla in October 2024. At that juncture, Inspira was the only remaining defendant. In February 2025, discovery was extended a third time, until March 31, 2025.

In March 2025, Inspira moved to dismiss plaintiff's complaint based on her failure to comply with the AOM statute. Inspira argued it was the only remaining defendant because the nurse and doctor defendants had been dismissed, and plaintiff had no AOM regarding Inspira's vicarious liability beyond the actions of Nurse Brocco or Dr. Pilla. Plaintiff opposed the motion. The trial court entertained oral argument and stated:

> [W]e had a Ferreira conference, [at which] it was made clear that there was not a . . . direct claim against Inspira based on [the] failure to properly administer . . . the care afforded to . . . decedent.
>
> On . . . [March 20, 2024,] . . . plaintiff had moved . . . to join Nurse Macaul[e]y as a defendant, and that motion was denied on June 24[ ], 2024[,] because . . . the claims were time[-]barred by the two-year wrongful death statute of limitations . . . . The [c]ourt determined . . . plaintiff had known of the identity of Nurse Macaul[e]y long before the expiration of the statute of limitations, in fact, even before the suit was filed. . . . [P]laintiff had the medical records for . . . decedent's

A-2903-24

care, and Nurse Macaul[e]y had been identified.  And so the [c]ourt held that there was no discovery rule that would apply in this case. . . .

And so, . . . since . . . April 11[ ], 2024[,] . . . there were no individual defendants who [we]re Inspira nurses that remain[ed] in the case.

. . . .

Inspira moves now to dismiss on the grounds . . . [plaintiff's] claims are barred under the [AOM] statute because there was no [AOM] that placed it on notice that any particular employees of Inspira were responsible, and it points to the fact that there's no [longer any] individual employee joined . . . .

Additionally, the court, noted:

. . . Hargett[8] is . . . much more on point under the circumstances here because . . . what we have is a situation where . . . the only person that was tied to Inspira was Nurse Macaul[e]y . . . .

Once Nurse Macaul[e]y [wa]s out of the case[,] there [wa]s no [AOM] asserting claims against any employee of Inspira . . . .

Accordingly, on April 25, 2025, the court entered an order granting Inspira's motion to dismiss.

---

[8]  Hargett v. Hamilton Park OPCO, LLC, 477 N.J. Super. 390 (App. Div. 2023).

## II.

Plaintiff argues Nurse McCawley's AOM was sufficient to support the vicarious liability claim against Inspira. She further asserts, even if the AOM was deficient, she substantially complied with N.J.S.A. 2A:53A-27. Plaintiff also contends Inspira's motion to dismiss should have been denied based upon estoppel and laches, and Inspira waived its right to object to the AOM through the conduct of counsel.

We review a trial court's dismissal of a complaint based on the AOM statute de novo. Hoover v. Wetzler, 472 N.J. Super. 230, 235 (App. Div. 2022). The AOM statute requires plaintiffs alleging professional malpractice to:

> [W]ithin [sixty] days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed [sixty] days, to file the affidavit pursuant to this section, upon a finding of good cause.
>
> [N.J.S.A. 2A:53A-27.]

The failure to provide the AOM is a failure to state a cause of action under N.J.S.A. 2A:53A-29, requiring a dismissal with prejudice of a malpractice

A-2903-24

action.  See A.T. v. Cohen, 231 N.J. 337, 346 (2017).  "The core purpose underlying the statute is 'to require plaintiffs . . . to make a threshold showing . . . their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of the litigation.'"  Paragon Contractors, Inc. v. Peachtree Condo. Ass'n, 202 N.J. 415, 421 (2010) (first omission in original) (quoting In re Petition of Hall, 147 N.J. 379, 391 (1997)).  "[W]here a plaintiff fails to provide an [AOM] within the statutorily mandated timeframe, it shall be deemed a failure to state a cause of action unless the plaintiff satisfies an exception to the [AOM] requirement."  Cowley v. Virtua Health Sys., 242 N.J. 1, 23 (2020).

Our Supreme Court has explained the AOM statute has a dual purpose: "to weed out frivolous lawsuits early in the litigation while, at the same time, ensuring that plaintiffs with meritorious claims will have their day in court." Ferreira, 178 N.J. at 150 (quoting Hubbard v. Reed, 168 N.J. 387, 395 (2001)). The Court has made clear, "[t]he legislative purpose [behind the AOM statute] was not to 'create a minefield of hyper-technicalities in order to doom innocent litigants possessing meritorious claims.'"  Id. at 151 (quoting Mayfield v. Cmty. Med. Assocs., PA, 335 N.J. Super. 198, 209 (App. Div. 2000)).

A-2903-24

Plaintiff argues Nurse McCawley's AOM complies with the requirements of N.J.S.A. 2A:53A-27 because the AOM is meant to be "read in conjunction with the complaint, particularly in a case such as this one, where the complaint is incorporated into the [AOM] by reference." She asserts "[i]t is clear" in the AOM, she "alleged vicarious liability on the part of . . . Inspira . . . based upon the alleged negligence of . . . their nursing staff."

Plaintiff also alleges the AOM statute is silent as to any requirement an AOM specifically identify a defendant by name. She further contends, because "corporations[] cannot have any direct liability . . . in the care rendered to . . . decedent, . . . [i]t should have been obvious to the defense . . . the only basis for liability as to . . . Inspira . . . was pursuant to respondeat superior." (Emphasis omitted).

Plaintiff relies on <u>Moschella v. Hackensack Meridian Jersey Shore University Medical Center</u>, asserting our Supreme Court there found the AOM was "legally sufficient" even though it did not identify the specific defendant or employee whose conduct caused the decedent's death. 258 N.J. 110, 129 (2024). She also relies on <u>Walker v. Choudhary</u> for the proposition joinder of a principal and agent is not necessary, and an action may be maintained separately against an agent or a principal. 425 N.J. Super. 135, 149 (App. Div. 2012). Plaintiff

A-2903-24

further contends the trial court's reliance on Hargett was misplaced because the facts of this case are distinguishable. Specifically, she asserts, unlike in Hargett, the vicarious liability claim here is based on the actions of a single, identifiable nurse on a specific evening, who allegedly failed to raise the bed rails, thereby allowing decedent to fall and sustain injuries.

We conclude the trial court erred in dismissing plaintiff's vicarious liability claim against Inspira based on the AOM statute. Under Walker and Hargett, notwithstanding the court barring any individual claims against Nurse Macauley based on the statute of limitations, Nurse McCawley's AOM was sufficient to maintain plaintiff's vicarious liability claim against Inspira.

In Walker, we addressed whether, under the principle of respondeat superior, a medical practice group[9] that employs a physician could "be subject to suit regardless of whether the action against the alleged tortfeasor doctor [wa]s barred by the statute of limitations." 425 N.J. Super. at 139. Although Walker was not decided in the context of the AOM statute, its rationale is germane to our analysis of the issues in this appeal.

---

[9] Walker also involved a vicarious liability claim against a hospital. 425 N.J. Super. at 140-41.

The plaintiff in Walker, as executor and personal representative of the estate of the decedent, filed a complaint against several defendants alleging wrongful death and medical malpractice. Id. at 140. Among the named defendants were three physicians. Ibid. The plaintiff also named South Jersey Health Systems Emergency Physician Services (Physician Services). Ibid. One of the defendant physicians moved to dismiss the complaint against him based on an affidavit of non-involvement alleging he did not administer any medical care to the decedent. Ibid. The plaintiff then moved to amend the complaint to add another defendant, Tara Kiger, M.D., who was employed by Physician Services and had rendered care to the decedent. Ibid. The trial court granted the defendant physician's motion to dismiss the complaint as well as the plaintiff's motion to add Dr. Kiger as a defendant. Id. at 141. Thereafter, the plaintiff filed an amended complaint naming Dr. Kiger as a defendant. Ibid. However, the court later dismissed the complaint against Dr. Kiger with prejudice because the plaintiff's claims against Dr. Kiger were time-barred under the statute of limitations. Ibid.

Following Dr. Kiger's dismissal, Physician Services moved for partial summary judgment, seeking to dismiss the claims against it based on vicarious liability stemming from Dr. Kiger's actions as the alleged tortfeasor. Ibid.

13

Physician Services argued it "could not be liable because [Dr.] Kiger was no longer a defendant in the case." Ibid. The trial court granted Physician Services' motion.[10] Ibid.

On appeal, we addressed "whether [Dr.] Kiger's involuntary dismissal, on statute of limitations grounds, operate[d] as an adjudication on the merits, triggering res judicata and barring [the] plaintiff's timely respondeat superior claim for vicarious liability against . . . Physician Services, for injuries arising out of the same incident." Id. at 148. We stated:

> Because . . . Physician Services w[as] timely served within the statute of limitations period, [the] plaintiff's action could have been prosecuted against them, even without [Dr.] Kiger being named as a defendant in the complaint. We note it would be incongruous to hold that [the] plaintiff's claim against Physician Services must fail because [Dr.] Kiger was named and then dismissed because the claim was time-barred, while in the same breath observing that the same claim against Physician Services would survive if [Dr.] Kiger had not been named [a defendant] at all.
>
> [Id. at 150 (emphasis added).]

---

[10] The plaintiff then filed a motion for reconsideration of the summary judgment orders granted in favor of Dr. Kiger and Physician Services. Ibid. Shortly thereafter, the hospital defendant cross-moved for partial summary judgment, also seeking dismissal of the claims against it based on vicarious liability for Dr. Kiger's alleged negligence. Ibid. The court denied the plaintiff's motion for reconsideration and granted the hospital's motion for partial summary judgment. Ibid. The parties then filed stipulations dismissing the claims against the remaining individual physicians and the hospital. Ibid.

14

We also noted:

> Physician Services rel[ies] on the principle that "a verdict which exonerates the employee from liability requires also the exoneration of the employer." Kelley v. Curtiss, 16 N.J. 265, 270 (1954). This conclusion is rooted in "considerations of fundamental fairness that, if the employee is not to be held responsible for his wrongdoing, the employer whose liability is asserted solely upon the basis of imputed responsibility for his employee's wrong cannot in fairness and justice be required to respond in damages for it." Id. at 271. However, the concept is premised on the principle that the employee is actually exonerated by a decision on the merits. Here, the judgment was not grounded on a finding that [Dr.] Kiger's care for [the] decedent was not negligent.
>
> [Id. at 152 (emphasis added).]

We further determined, "[t]he basis on which the summary judgment was granted, the statute of limitations, bears no relationship to the actual merits of the case. When summary judgment was granted, the merits were never examined." Id. at 154. Moreover, we observed, "to label such an order as an adjudication on the merits would be the embodiment of promoting form over substance." Ibid. Lastly, we commented:

> Although a motion for summary judgment granted on statute of limitations grounds is technically an "adjudication on the merits," we determine in this context it does not possess the same legal consequences for . . . Physician Services as a summary judgment [on the merits] . . . .

15

> We conclude an employer can be subject to suit for the negligent actions of its employee under the principle of respondeat superior even though the employee is dismissed because the claims against [them] were filed outside the statute of limitations. Therefore, [the] plaintiff's malpractice and wrongful death claims against . . . Physicians Services are not barred by the doctrine of res judicata and are reinstated.
>
> [Ibid. (emphasis added).]

Here, in the absence of a finding there was no tortious conduct on the part of Nurse Macauley, but only that the claim against her was barred by the statute of limitations, Inspira's vicarious liability for her conduct was not extinguished. That is, Inspira can be vicariously liable even if its agent has a defense that bars liability against them based on the statute of limitations. Had there been a decision on the merits, such as a jury verdict finding Nurse Macauley was not negligent, or a substantive determination by way of summary judgment that she did not deviate from accepted standards of care, Inspira could not be held vicariously liable for her conduct under Kelley. See 16 N.J. at 270. However, Nurse Macauley was not exonerated from liability on the merits in this manner but rather avoided liability due to the running of the statute of limitations.

Like in Walker, if plaintiff had decided to only pursue a vicarious liability claim against Inspira, there would have been no basis for Inspira to move to dismiss based on the AOM statute. Plaintiff's unsuccessful attempt to name

16

Nurse Macauley, based on the failure to comply with the statute of limitations, does not warrant a dismissal of the vicarious liability claims against Inspira, even under the AOM statute, based on the specific facts of this case.

We have repeatedly utilized the principles governing vicarious liability to govern the application of the AOM statute. In Shamrock Lacrosse, Inc. v. Klehr, Harrison, Harvey, Branzburg & Ellers, LLP, the plaintiff sued two law firms, but not any individual attorneys, based on the "allegedly negligent omissions by a [deceased] patent attorney who had worked, in succession, at the two law firms." 416 N.J. Super. 1, 4 (App. Div. 2010). The plaintiff argued it was not required to serve an AOM on the firms because N.J.S.A. 2A:53A-26(c) listed only "an attorney" and not a law firm as a "licensed person" entitled to an AOM. Id. at 13. We rejected that claim, emphasizing, "if [the] plaintiff's reading of the statute were accepted, that individualized protection would provide no solace to a law firm that could have vicarious liability for the actions or inactions of the licensed attorneys employed by, or affiliated with, that firm." Id. at 22. We rejected that result because the plaintiff sought "to invoke principles of vicarious liability . . . to make those law firms financially accountable for the harm that" their employees caused. Id. at 23; see also id. at 18 (citing with approval Martin v. Perinni Corp., 37 F. Supp. 2d 362, 365-66 (D.N.J. 1999), which applied

principles of vicarious liability to require an AOM against an architectural firm run by a licensed architect).

We agreed "it would be 'entirely anomalous' to allow a plaintiff to circumvent the affidavit requirement by naming only law firms as defendants in a legal malpractice complaint and not the individual attorneys who performed the services." Id. at 26. Here, plaintiff did not attempt to evade the statute in the manner discussed in Shamrock. Rather, she provided an AOM from Nurse McCawley, an appropriate licensed person under the AOM statute. In doing so, plaintiff was able to advance a vicarious liability claim against Inspira for the conduct of its employees, who allegedly provided negligent care to decedent. Simply because plaintiff was later unsuccessful in naming Nurse Macauley as an individual defendant does not mean plaintiff cannot maintain her original claim against Inspira.

We likewise conclude the trial court mistakenly relied on Hargett in finding Nurse McCawley's AOM was insufficient as to Inspira. In Hargett, the decedent initially resided at the defendant Alaris Health, LLC (Alaris) nursing facility for one month and later developed serious health-related issues. 477 N.J. Super. at 393. She was subsequently transferred to Jersey City Medical Center (Jersey City), where her condition worsened. Ibid. The decedent died

approximately one year thereafter, and the plaintiff subsequently filed a medical negligence action against Jersey City and Alaris based on the treatment rendered by their nursing staff. Ibid. The complaint did not name any individual nurses. Ibid.

The plaintiff served a single AOM on Jersey City and Alaris, stating there existed a reasonable probability both facilities and "members of their nursing and nursing administrative staff"—without identifying any specific medical professionals—deviated from the standard of care by failing to provide appropriate treatment to the decedent. Id. at 394. Alaris objected to the AOM and moved to dismiss because the "AOM was a blanket statement that failed to identify any individually negligent persons or acts." Ibid.

The trial court agreed, holding the AOM was deficient because it did not "'provide specific notification as to a specific employee [regarding] a specific claim of negligence' and failed to provide 'notice as to who may have violated' the applicable standard of care." Id. at 395. On appeal, the plaintiff argued the trial court erred because she pled a valid vicarious liability claim based on the "collective failure" of Alaris's nursing staff to provide proper treatment and therefore was not required to identify any individual nurses in the complaint or the AOM. Ibid.

We affirmed the dismissal, concluding the AOM was insufficient to support the plaintiff's vicarious liability claim because "it [wa]s not possible to identify" any negligent nurses of Alaris.  Id. at 398.  Indeed, "the AOM refer[red] generally to the entire Alaris . . . nursing staff[,] . . . indiscriminately combine[d] the nursing staffs of two separate facilities," and failed to identify any individual nurses for whom Alaris could be vicariously liable.  Ibid.  We reasoned a single AOM's ambiguous reference to all nurses at separate facilities deprived Alaris of its right to an appropriate AOM offering "a clear opinion that its own nurses deviated from the applicable standard of care."  Id. at 398-99.

Importantly, however, we recognized an AOM need not always name the licensed person who forms the basis for vicarious liability.  Id. at 397.  Specifically, we stated, "[t]hat is not to say an AOM must always name the licensed person who is the subject of a vicarious liability claim."  Ibid.  We observed, "[a] number of decisions considered and accepted an AOM that did not identify the licensed person by name," provided "it was possible to identify by the description within the AOM the licensed person . . . alleged to have deviated from the applicable standard of care."  Id. at 397-98; see, e.g., Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 358 (2001) (unnamed radiologist was identifiable because there had only been one radiologist who treated the

plaintiff); Fink v. Thompson, 167 N.J. 551, 562 (2001) (doctor who discontinued certain medication was identifiable from the plaintiff's expert report); Medeiros v. O'Donnell & Naccarato, Inc., 347 N.J. Super. 536, 542 (App. Div. 2002) (AOM that referred to engineers generally was nevertheless sufficient because there was only one engineering firm involved in the matter).

The facts here are distinguishable from Hargett. There, we precluded the plaintiff from serving a single AOM that opined on the alleged collective negligent care provided by nurses at two distinct facilities because the decedent received different treatment at both facilities at different points in time, and thus the plaintiff was required to serve separate AOMs to distinguish between the care provided by the nurses at each facility. 477 N.J. Super. at 398. Here, however, plaintiff did not need to obtain a separate AOM because decedent only received treatment at one facility. More importantly, plaintiff did not indiscriminately "combine nursing staffs" in a single AOM. Plaintiff's AOM referenced her complaint and the discrete acts of alleged negligence against Inspira, stemming from a nurse's failure to properly raise decedent's bed rails. Inspira was not left to guess as to which licensed person plaintiff alleged was negligent, even if plaintiff failed to specifically identify that individual—Nurse Macauley—in the complaint or AOM. Moreover, when plaintiff's AOM is read

21

in conjunction with her complaint—which clearly articulated plaintiff's vicarious liability theory against Inspira—we are satisfied plaintiff fulfilled her obligations under the AOM statute, even if Nurse Macauley was not named as an individual defendant in a timely manner.[11]

Accordingly, we reverse the trial court's order dismissing plaintiff's vicarious liability claims against Inspira. Because we reverse the trial court's order for the reasons noted above, we need not address plaintiff's substantial compliance, estoppel, laches, or waiver arguments.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

---

[11] Plaintiff's failure to name Nurse Macauley, of course, precludes the assessment of any liability or damages against her individually.